## *In re* KIRBY.

1. Laws 1893, C. 21, relating to attorneys and counselors, and providing for their suspension and disbarment, and the procedure when an affidavit charging an attorney with embezzlement or other professional misconduct is filed, and repealing all acts and parts of acts in conflict therewith, is not in conflict with, and does not repeal, Comp. Laws, § 473, declaring that conviction of a felony or of a misdemeanor involving moral turpitude is cause for revocation or suspension, and that the record of conviction is conclusive evidence.

2. A conviction for receiving property of another with intent to convert the same to the defendant's use and gain, knowing the same to have been stolen, being for an offense punishable by imprisonment in the penitentiary, is a conviction for a felony, within Comp. Laws, § 473, declaring

that conviction for a felony shall be sufficient cause to revoke the license of or suspend an attorney.

3. Under Comp. Laws, § 473, declaring the conviction of an attorney of a felony a sufficient cause to revoke his license or suspend him, and that the record of such conviction shall be conclusive evidence, a judgment of conviction for a felony is sufficient to warrant suspending the attorney, though such judgment has been superseded on writ of error.

(Opinion filed Nov. 22, 1897.)

Original proceeding to disbar Joe Kirby as attorney and counselor at law. License of defendant ordered revoked and his name stricken from the roll.

The facts are stated in the opinion.

*C. G. Hartley* and *A. B. Kittredge*, for accusers. Joe Kirby, in *pro. per.*

HANEY, J. This proceeding was commenced in this court for the purpose of having the name of the accused stricken from the roll of attorneys and counselors of this court, and his license revoked, or to have him suspended from practice for such time as shall seem just. A verified accusation was presented to the court by A. B. Kittredge, Esq., and C. G. Hartley, Esq., attorneys and counsellors at law of this court, wherein it is alleged that the accused, who is an attorney and counselor at law of this court, was on October 30, 1896, duly indicited in the United States district court within and for the district of South Dakota, charged with the crime of receiving property of the United States with intent to convert the same to his own use and gain, knowing the same to have been stolen, to which charge he pleaded not guilty; that on June 12, 1897, he was duly convicted by a verdict of a jury of the crime charged; that on June 25, 1897, he was duly sentenced to be imprisoned at hard labor in the penitentiary at Sioux Falls, in this state, for the period of two years; that such conviction and sentence are still in force and effect; and that the crime for which he was convicted is a felony, and one involving moral turpitude. To such accusation was attached a duly-authenti-

cated copy of the record of such conviction. Upon reading and filing such accusation and authenticated copy of the record of such conviction, this court issued an order requiring the accused to show cause on the first day of the present term, before this court, why he should not be suspended or disbarred from practicing as an attorney at law, and directing the clerk of this court to forthwith serve upon and deliver to the accused a duly-certified copy of such order and accusation. In response to this order the accused appeared specially, and objected to the court assuming jurisdiction for the following reasons: (1) Such proceeding does not appear to be prosecuted by either the public, state, or an individual; (2) the process under which it is sought to bring the accused into court is not issued in the name of the state, nor in the name of any private individual nor any public prosecutor. He also objected to A. B. Kittredge "purporting to appear and argue this matter, for the reason he does not appear in behalf of any client or otherwise." The order to show cause is preceded by these words: "State of South Dakota. In the Supreme Court. April Term, A. D. 1897. *In re* Proceeding to Disbar Joe Kirby as an Attorney at Law." The foregoing objections were overruled; a majority of the court being of the opinion that the order to show cause issued in this proceeding is not a process, within the meaning of Section 38, Art. 5, of the State Constitution. In this ruling I did not concur, thinking that the order to show cause should have contained the words, "The State of South Dakota sends greeting to Joe Kirby," and that it should be amended by inserting such words. Const. Art. 5, § 38; Comp. Laws, § 4807; Mitchell v. Conley, 13 Ark. 414; McFadden v. Fortier, 20 Ill. 509. In any event, the ruling did not prejudice the rights of the accused in any substantial respect. He received due notice, a copy of the accusation, and was given ample opportunity to appear and defend. Thereupon the accused demurred to the accusation upon the following grounds: "(1) The same does not state facts sufficient to constitute a cause of action; (2) that the

court has no jurisdiction of this demurrant; and (3) that said accusation shows on its face facts which entitle the demurrant to his discharge." Decision upon the demurrer was reserved, and the accused filed an answer, wherein it is admitted that Messrs. Kittredge and Hartley are citizens and residents of the county of Minnehaha and state of South Dakota, duly admitted to practice as attorneys and councellors at law in this court; that accused is a resident of Minnehaha county, in this state, and has been duly admitted to practice as an attorney and councellor at law in this court, The answer denies each and every allegation of the accusation not expressly admitted, and alleges "that upon said sentence being pronounced in the said district court of the United States, a large number of exceptions having been, during the progress of the trial, taken, setled and certified by the judge of said court, the said court and judge thereof, by writ of error duly and legally issued from the supreme court of the United States, was required to certify said exceptions and proceedings to the said supreme court as provided by law, in order that the action of the trial court might be reversed and reviewed; and thereupon the trial court and judge thereof did find there was probable cause to believe that error had been committed upon said trial, and that the action of said trial court should be reversed, and thereupon the said trial court did issue a supersedeas, and thereby did stay said judgment, sentence, and all the force and effect thereof, which appeal is still undetermined and pending." Upon the trial an authenticated transcript of the record of conviction alleged in the accusation was offered in evidence, to which the following objections were made: (1) It is irrelevant to the issues, incompetent, and does not purport to be all the proceedings; (2) the record of such proceedings cannot be proven by an authenticated copy in this criminal action, but must be proven by common-law evidence. These objections were overruled, and the following admission entered of record: It is admitted that on or about June 25, 1897, the accused sued out a writ of error, in

the case of the United States against him, to the supreme court of the United States,. and that thereupon Hon. JOHN E. CARLAND, judge of the United States district court, granted a supersedeas therein." No other evidence was offered or received.

So far as it is applicable to this proceeding, Comp. Laws, § 473, reads thus: "The following are sufficient causes for revocation or suspension: (1) When he [an attorney] has been convicted of a felony, or of a misdemeanor, involving moral turpitude, in either of which cases, the record of conviction is conclusive evidence." It is contended that this section was repealed by Chapter 21, Laws 1893. Comp. Laws, §§ 462–480, inclusive, were formerly Chapter 18 of the Political Code, the subject of such chapter being "Attorneys and Counselors at Law." They provide what persons may practice, how they shall be admitted, and the oath to be taken; define the duties and powers of attorneys; create and regulate an attorneys lien; prohibit any attorney from being a surety in any suit instituted in this state; provide for suspending and revoking his license; designate certain causes as sufficient for so doing; and describe the procedure in such cases. The act of 1893 provides who shall practice, and how persons shall be admitted; prescribes the same oath, with certain verbal modifications required by the change from a territorial condition to that of statehood; provides for suspension and disbarment, and the procedure, "when an affidavit charging an attorney with embezzlement, or other professional misconduct, is filed in the circuit or supreme court." It expressly repeals all acts and parts of acts in conflict with itself. Evidently it was not intended that this act should replace all of Chapter 18 of the Political Code. The later law cannot be regarded as a revision of the entire subject. It would be unreasonable to infer that the legislature would repeal the sections defining the duties, powers and liens of lawyers, without enacting something to take their place. As indicated by its language, the legislature clearly intended to re-

peal such parts of the then existing statute "as are in conflict with the act," and only such.   The later law provides that this court shall have power to strike the name of any attorney or counselor from its roll, and to revoke his license, or to suspend him from practice for such time as shall seem just, "for cause shown."   Laws 1893, C. 21, § 8.   Is it in conflict with this provision to declare that conviction of a felony or of a misdemeanor involving moral turpitude is a sufficient cause for revocation or suspension?   Certainly not.   Section 9 of the act is as follows: "When an affidavit charging an attorney with embezzlement, or other professional misconduct is filed in the circuit or supreme court, it shall order such attorney to show cause why he should not be suspended or disbarred from practice, and on the return of such order, the hearing of all matters pertaining thereto shall be referred  to  a  committee of three reputable attorneys and  counselors of  the  supreme court and judgment  shall  be rendered on its report."   Whether or not this section prescribes the procedure in all disbarment or suspension proceedings will not be decided, because  it  is  not involved, in the case at bar. Whatever  may  be  the  conclusion when that question  is  presented, it cannot be successfully contended that the section was intended to limit the powers of the courts  to  the  causes mentioned therein.   In construing  any  statute, it is the  duty  of the  court  to  consider  the  entire enactment, and, if  possible, give effect to all parts of it.   Assuming without deciding, that, as  contended for  by  the  accused, where  the  legislature has specified certain causes for disbarment or suspension, they are exclusive, if Section 9 was  intended  to  embrace  all  of  such causes, Section 8 should empower this court to revoke  or  suspend when  it has been shown that an attorney has been guilty of  "embezzlement or other professional misconduct."   Were it shown that an attorney has been convicted of  robbery, there would  certainly be  "cause shown" for revoking  his  license, yet he would not be guilty of "embezzlement  or  other  professional misconduct."   This court has frequently held that re-

peals by implication are not favored. The conclusion is irresistible that Comp. Laws, § 473, has not been repealed. The contention that the crime of which accused was convicted is neither a felony nor a misdemeanor involving moral turpitude, within the meaning of Section 473, is untenable. "Felony," as therein employed, must be given the definition given the word by the territorial legislature: "A crime which is or may be punishable with death or by imprisonment in the territorial prison.' Comp. Laws, § 6204. It means, in ordinary language, a penitentiary offense. This view is consonnant with sound reason. Courts should not be required to recognize as attorneys persons who are confined in state prisons. Again, the accused has been convicted of a crime involving "moral turpitude." "Everything done contrary to justice, honesty, modesty, or good morals, is done with turpitude." 2 Bouv. Law Dict. 759. If it is not dishonest and contrary to good morals to receive property of another, and convert it to one's own use and gain, knowing it to have been stolen, we are at a loss to know of what honesty and good morals consist.

The objections to the introduction of the record of the federal court were properly overruled. The material allegations of the accusation are, in effect, admitted by the answer; the transcript is properly authenticated, it contains all the proceedings necessary to sustain the accusation; the writ of error and supersedeas are matters of defense that the accused should have been prepared to prove; and this is not a criminal action. Concerning the character of such proceedings, the authorities are conflicting. The supreme court of the United States, in a case wherein the subject is exhaustively discussed, and numerous authorities are cited, reaches what we regard as the correct conclusion. The following language of that learned court is quoted with approval: "The proceeding is, in its nature, civil, and collateral to any criminal prosecution by indictment. The proceeding is not for the purpose of punishment, but for the purpose of preserving the courts of justice

from the official ministration of persons unfit to practice in them. Undoubtedly, the power is one that ought always to be exercised with great caution, and ought never to be exercised except in clear cases of misconduct, which affect the standing and character of the party as an attorney. But when such a case is shown to exist the courts ought not to hesitate, from sympathy for the individual, to protect themselves from scandal and contempt, and the public from prejudice, by removing grossly improper persons from participation in the administration of the laws. The power to do this is a rightful one, and when exercised in proper cases, is no violation of any constitutional provision." *Ex parte* Wall, 107 U. S. 288, 2 Sup. Ct. 588. In this jurisdiction it has long been the practice to review civil actions on appeal, and criminal actions by writ of error. Under chapter 18, Pol. Code, proceedings to suspend or disbar in the district court were taken to the supreme court on appeal; and under chapter 21, Laws 1893, proceedings to suspend are subject to appeal to this court. Comp. Laws, § 477; Laws 1893, C. 21, § 8. While not conclusive, this legislation indicates that the territorial and state legislatures regarded such proceedings as being of a civil nature. If the proceeding is of a civil nature, it was competent for the legislature to provide that a record of conviction shall be evidence therein. As accused did not offer to contradict the record by other evidence, it is unnecessary to decide whether it should be regarded as conclusive.

Finally, it is contended that by reason of the writ of error and supersedeas the judgment of the federal court is ineffectual for any purpose, and will not warrant disbarment or suspension until it shall have been affirmed. In discussing the proposition, it will be assumed that the supreme court of the United States acquired jurisdiction of the criminal action, and that such action is now pending therein. Regarding civil actions, it is held in numerous cases that the perfecting of an appeal suspends the operation of a judgment as an estoppel, and renders it no longer admissible as evidence in any controversy between the parties. There are other equally respectable authorities which support

the doctrine that an appeal, with proper bond to stay proceedings, merely suspends the right to execution, but leaves the judgment until annulled or reversed, binding upon the parties, as to every question directly decided. Freem. Judgm. § 328; Willard v. Ostrander (Kan. Sup.) 32 Pac. 1092. In California, under a statute identically the same as that in this state, which provides that "an action is deemed to be pending from the time of its commencement until its final determination upon appeal or until the time of appeal has passed, unless the judgment be sooner satisfied," it is held that a judgment is not final until the time of appeal has expired, and until then it is no evidence of the facts thereby adjudged. Comp. Laws, § 5343; *In re* Blythe's Estate (Cal.) 34 Pac. 108. But it will be observed that this decision relates to judgments in civil actions. We are dealing with the effect of a judgment in a criminal action upon the rights of the defendant therein to practice law after conviction, while such action is pending in an appellate court upon writ of error. If affirmed the original judgment will be enforced. Execution is suspended by the supersedeas, but the judgment remains until reserved or modified, and it is clearly competent for the legislature to declare what effect it shall have from the time it is rendered. Should this court follow the decisions in California, and hold that, because of the statute quoted, judgments in civil actions, pending upon appeal, are not evidence of the facts thereby adjudged, it would do so because the legislature has established that rule of evidence; and it would be the duty of the court to ascertain from the statute what rule has been in like manner established for the trial of proceedings to disbar or suspend attorneys. Its language is as follows: "When he has been convicted * * * the record of conviction is exclusive evidence." Comp. Laws, § 473. The question of guilt is not involved. Conviction is cause for disbarment or suspension. The fact of conviction is alone in issue, and the record, the legislature declares, shall be conclusive evidence of that fact. The material inquiry is simply this: Has the accused been convicted? The term "conviction," in

its most common use, signifies the finding of the jury that the prisoner is guily, but we think it is used in the statute under discussion as implying the judgment of a court upon a conviction or confession of guilt. Com. v. Gorham, 99 Mass. 420 Then the fact of conviction has been established in this proceeding in the manner prescribed by the statute. The existence of that fact is sufficient cause for suspension or disbarment In a proceeding like the one at bar, under statutes substantially the same as those in this state, the supreme court of California holds that while the criminal action is pending upon appeal there is no judgment capable of being carried into effect, that it is within the range of possibilities that the judgment may be reversed, and that "there is not such a final conviction against the defendant as the law contemplates, to justify his removal." People v. Treadwell (Cal.) 5 Pac. 686. With all due respect to that learned court, we must decline to follow its decision in this case. Its conclusion seems to be based upon the clearly erroneous assumption that the judgment in the criminal action will be reversed, and it interpolates into the statute the word "final." If the court had jurisdiction to try the criminal action, the presumption is that its judgment is right and will not be reversed. Beyond this, we think that the California court fails to observe the real issue of fact involved in the proceeding before it. As heretofore suggested, the issue was not whether the defendant was guilty of the crime charged in the criminal action, but, was he convicted? That court might possibly say that the judgment was not evidence of the fact of the defendant's guilt, but it could not say it was not evidence of the fact that he had been convicted. Sufficient cause having been shown for the suspension or disbarment of the accused, it is the conclusion of the court that his name should be stricken from the roll of attorneys and counselors at law, and his license to practice in all the courts of this state should be revoked. Judgment should be entered in accordance with this decision.

Rehearing denied. Opinion, 73 N. W. 907.