*In re* KIRBY.

In a proceeding under Comp. Laws, § 473, declaring that conviction of a felony shall be cause for the suspension of an attorney, where the crime charged was receiving property of the United States, with the intent to

convert the same, knowing it to have been stolen, the question whether the crime was a felony is a conclusion of law, depending upon the punishment permitted by the United States statutes, of which a state court will take judicial notice.

(Opinion filed, Nov. 26, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Proceeding to suspend Joe Kirby from practice as an attorney at law. From a judgment of suspension, defendant appeals. Affirmed.

*D. R. Bailey* and *Joe Kirby*, for appellant.

*R. J. Wells* and *C. G. Hartley*, for respondents.

HANEY, J. It is contended that the accusation in this proceeding is fatally defective, because of the omission of an allegation that the crime of which accused was convicted is a felony. It is alleged that he was convicted of the crime of receiving property of the United States, with intent to convert the same to his own use and gain, knowing the same to have been stolen. Whether or not this crime is a felony, within the meaning of the statute defining the causes for disbarment, is purely a conclusion of law, depending upon the punishment permitted by the United States Statutes. Of these, state courts take notice, as of the statutes in their own jurisdictions. This proceeding is of a civil nature. *In re* Kirby, 73 N. W. 92. It is not governed by the rules of pleading in criminal actions. We think the accusation contains sufficient facts to sustain the judgment of suspension. All the other questions presented by this appeal were determined in the original proceeding to disbar the same attorney, decided at the present term. *In re* Kirby, *supra.* The judgment of the circuit court is affirmed.

Rehearing denied. 73 N. W. 908.