# STATE EX REL. ETHEL ELIZABETH SPRATT v. CHARLES N. SPRATT.[1]

July 15, 1921.

No. 22,541.

**Habeas corpus — stay.**

1. A writ of habeas corpus initiates an independent proceeding which cannot be stayed or suspended by a stay of proceedings in another action, although the ultimate rights of the parties may depend on the result of such other action.

**Judgment not vacated by taking an appeal.**

2. An appeal with a supersedeas bond does not vacate or annul the judgment appealed from and the matters determined by it remain res judicata until it is reversed.

Upon the relation of Ethel Elizabeth Spratt the district court for Hennepin county granted its writ of habeas corpus directed to Charles N. Spratt. The matter was heard by Waite, J., who ordered that the minor children be delivered to relator. From the order restoring the children to relator, defendant appealed. Affirmed.

*A. B. Jackson* and *Ray H. Kenyon,* for appellant.

*George T. Simpson, John F. Dahl* and *Eugene S. Bibb,* for respondent.

TAYLOR, C.

The relator sued out a writ of habeas corpus from the district court of Hennepin county to recover the temporary custody of Margaret Spratt, Charles Webster Spratt and Cynthia Spratt, minor children of the relator and of the respondent who were then in the custody of the respondent. The court found that the allegations in the petition for the writ were true and ordered that the children be delivered to the relator, "to be held in temporary custody in accordance with the amended judgment and decree of this court duly entered on the 22nd day of June,

[1]Reported in 184 N. W. 31.

1921, in the action of Ethel Elizabeth Spratt against Charles N. Spratt."
The respondent in the writ appealed from the above order and will
hereafter be designated as the appellant.

The matter was submitted to this court on the record. From the re-
turn it appears that, in an action in the district court of Hennepin
county brought by the relator against the appellant, a judgment of
divorce in favor of the appellant was duly rendered and entered on De-
cember 15, 1917; that in and by this judgment the custody of the chil-
dren above named was confided to the appellant, their father, with cer-
tain rights of visitation on the part of the relator, their mother; that
after an extended hearing the district court, on June 22, 1921, amended
its judgment by providing, among other things, that during the school
vacation of the present summer and each school vacation hereafter, until
the further order of the court, the relator shall be entitled to, and shall
have, the custody and control of the children above named, the appellant
to have the custody and control of them during the remainder of the
year; that on June 23, 1921, appellant duly appealed to this court from
such amended judgment and gave a supersedeas bond to stay proceedings
thereunder, and that the writ of habeas corpus was served on appellant
on June 23, 1921. While the writ of habeas corpus was apparently
served before the appeal had been perfected by filing the supersedeas
bond, an order from this court staying proceedings under the judgment
was served on the morning of June 23, 1921, and before the service of
the writ of habeas corpus, and we shall assume that appellant is correct
in his contention that all proceedings under the judgment had been
stayed before the habeas corpus proceeding was initiated.

The principal question argued at the hearing was whether this stay
of proceedings operated to bar the habeas corpus proceeding. We think
this question has already been answered by this court adversely to ap-
pellant in State v. McDonald, 123 Minn. 84, 142 N. W. 1051. In that
case it was held, in effect, that a writ of habeas corpus is not a proceed-
ing in any other action, but an independent proceeding in the nature of
a new action brought by the relator to enforce rights then existing, and
that proceedings under it cannot be suspended by a stay of proceedings
in another action, although the ultimate rights of the parties may de-
pend upon the result of such other action. The writ requires the court

to determine whether the person concerned is illegally held in custody or restrained of his liberty under the facts as they are found to exist at the time the question is presented, and this is a right of which such person cannot be deprived. Following the McDonald case and the cases cited therein, we hold that the relator had the right to prosecute this proceeding notwithstanding the fact that proceedings under the judgment had been stayed.

It is also contended that the appeal with a supersedeas bond operated to annul the judgment appealed from, and to leave the judgment of December 15, 1917, still in force unmodified.

We are unable to sustain this contention. An appeal with a supersedeas bond does not vacate or annul the judgment appealed from, and the matters determined by it remain res judicata until it is reversed. 2 R. C. L. 117, § 94, and cases there cited; 3 C. J. 1316, 1317, and numerous cases cited in notes 37 and 38; Woolfolk v. Bruns, 45 Minn. 96, 47 N. W. 460; Allen v. Robinson, 17 Minn. 90 (113); Robertson v. Davidson, 14 Minn. 422 (554). See also Briggs v. Shea, 48 Minn. 218, 50 N. W. 1037.

The judgment of June 22, 1921, still remains in force and determines the rights of the parties so far as the proceeding under this writ of habeas corpus is concerned. Possibly a court might interfere under such a writ if events occurring subsequent to the judgment showed that the welfare of the children required that a different disposition be made of them, but that question is neither presented nor decided here.

We find no other questions requiring special mention. Upon the facts as they appear in the return, the learned district court reached the correct conclusion, and the order appealed from is affirmed.