# WILCOX TRUX, INC. v. ERNST ROSENBERGER.[1]

May 21, 1926.

No. 25,181.

**When order of Federal court disallowing claim is bar to future litigation.**
1. An order of the U. S. district court, made upon exceptions to the report of the master in chancery in a receivership proceeding, approving his report and disallowing the claim of the defendant, is an adjudication or judgment which constitutes a bar to the litigation of the same subject matter in another court.

**Bar of judgment not affected by appeal.**
2. An appeal does not affect the bar of a judgment.

**Bar of judgment in Federal court properly pleaded in action in state court after remand.**
3. The action was on promissory notes given by the defendant to a corporation upon a subscription to its corporate stock. The defense was that the subscription was induced by fraudulent representations as to the condition of the corporation, and a timely rescission of the subscription contract. On the first trial the verdict was for the defendant. Upon appeal there was a reversal for error in the trial upon the question of rescission, and the case was remanded for a retrial of the question of a timely rescission, but not of the question of fraud. In the meantime in the litigation in the receivership proceedings the validity of the notes as against the claim of fraud had been adjudicated. The plaintiff filed a supplemental reply pleading the adjudication in bar, and at the trial proved the adjudication. It is *held* that the adjudication was properly pleaded after the remand, notwithstanding its limitation, and was a bar.

AFTER REARGUMENT.

December 24, 1926.

**Former decision followed.**
Upon rehearing the court adheres to its former decision.

Appeal and Error, 4 C. J. p. 1227 n. 60.
Judgments, 34 C. J. p. 766 n. 90; p. 767 n. 1, 5 New; p. 772 n. 36.

[1]Reported in 209 N. W. 308, 211 N. W. 822.

Action in the district court for Blue Earth county upon two promissory notes. Trial before Comstock, J., who ordered judgment in favor of defendant. Plaintiff appealed from an order denying its motion for a new trial. Reversed.

C. J. Laurisch, LeRoy Bowen and A. M. Higgins, for appellant.

H. L. & J. W. Schmitt & H. W. Volk, for respondent.

DIBELL, J.

Action on two promissory notes made by the defendant to the H. E. Wilcox Motor Company, one for $1,000 dated June 17, 1914, and one for $1,500 dated September 9, 1914, each due two years after its date. These notes were given for stock of the motor company. The defense was fraud of the corporation inducing the purchase of the stock and a timely rescission by the defendant.' The plaintiff denied the fraud, claimed that the rescission was not timely, and by supplemental reply pleaded a determination by the U. S. district court of Minnesota as a bar. The case was tried without a jury and the court made findings for the defendant. The plaintiff appeals from the order denying its motion for a new trial.

To an understanding of the questions presented some narrative of the prolonged litigation which this decision closes is necessary.

At the time of the making of the two notes in suit two corresponding notes, of the same dates, due in one year, were made upon the same consideration. In 1916 the defendant brought an action in the district court of Hennepin county against the motor company for the recovery of $2,675, the amount with interest of the two notes first maturing, which he had paid, and for the surrender of the two notes last maturing. The ground was fraud of the corporation in representing its condition, and a timely rescission. Judgment was entered for the defendant, the motor company, on December 11, 1919, which was reversed in this court on April 30, 1920, for errors of law at the trial. Rosenberger v. H. E. Wilcox Motor Co. 145 Minn. 408, 177 N. W. 625.

On April 1, 1921, in proceedings in the U. S. district court for Minnesota, a receiver was appointed for the motor company. The usual order was entered directing creditors to appear and present

their claims. The defendant Rosenberger appeared on May 23, 1921, asserting his claim of $2,675, with interest, and praying the return of the two notes now in suit. He presented the pleadings in his suit against the motor company as showing his claim. The court referred the various claims against the company to a special master with specific directions to find upon the issues of fraud. A hearing was had, and the master made his report in which he reviewed the Rosenberger claim, found that there was no fraud, and recommended that it be disallowed. Upon exceptions thereto the court filed an order, dated August 22, 1923, signed by the judge, so far as important here as follows:

"Orders that the exceptions by claimant to the report of the Special Master be, and the same are hereby overruled, said report in regard to said claim is hereby approved and confirmed and said claim is hereby disallowed."

A part of the decision of Judge Booth, who made the order, is as follows:

"Passing to the merits of the charges of false representations as set forth in claimant's complaint, the evidence as to these charges was of such character that different persons might reach different conclusions in regard to them. The findings of the master are in favor of the defendant, the H. E. Wilcox Motor Company.

"An examination of the record leads me to the conclusion that there was substantial evidence to support the findings of the master, and in my opinion the findings ought not to be disturbed."

The defendant Rosenberger perfected an appeal to the circuit court of appeals.

The notes in suit were sold by the receiver to R. D. Wilcox and H. E. Wilcox in November, 1921, and by them transferred to the plaintiff Wilcox Trux, Incorporated. Action thereon was brought in the district court of Blue Earth county some time in 1922. On February 14, 1923, there was a verdict for the defendant. On March 7, 1923, judgment was entered for the defendant. On April 11, 1923, the plaintiff's alternative motion for judgment or a new trial,

made prior to entry of judgment, was denied and the plaintiff appealed from the order denying it. The order was reversed for error on October 19, 1923, and a new trial ordered. Wilcox Trux, Inc. v. Rosenberger, 156 Minn. 487, 195 N. W. 489. In directing the course of further proceedings the court said:

"There must be a new trial, but its scope should be limited. The fraud inducing defendant's purchase of the stock and execution of the notes has been once fairly established by verdict. There is no reason for trying that issue again. In consequence, the case is remanded for a new trial with respect only to the issue of rescission, or the timely institution of an action for rescission, while the corporation was a going concern, and defendant had the right to rescind. The evidence may or may not present a jury question with respect to that issue. Even though there was an attempt at rescission, the question will remain for determination as to whether the attempt was made in time. We express no opinion with respect to the question of defendant's diligence in discovering the fraud and acting with sufficient promptitude after the discovery. That is one of the questions for determination."

The plaintiff Trux company filed a supplemental reply in which it set forth as a bar the adjudication in the U. S. district court made in the receivership proceeding since the previous trial. The proceedings in the U. S. district court were received in evidence. The court found that the defendant made a timely rescission, and directed that judgment be entered canceling the notes in suit. It refused to make findings giving effect to the plea of res adjudicata. On September 24, 1925, the court filed its order denying the plaintiff's motion for a new trial. The plaintiff appealed from the order, and this is the appeal now before us.

1. The defendant contends that the determination of the U. S. district court in the receivership is not of such character as to be a bar. A finding or verdict does not constitute a bar; it is the adjudication or judgment. State v. Brooks-Scanlon Lbr. Co. 137 Minn. 71, 162 N. W. 1054, and cases cited; Hutton v. Boucher, 157 Minn. 40, 195 N. W. 495.

The disallowance of the defendant's claim on exceptions to the master's report was an adjudication or judgment within the law's requirement. It was signed by the judge. It determined judicially the rights of the litigants. No further judicial action was to be had. As we understand the practice no formal decree would be entered by the court or by the clerk. It was final, subject to an appeal, and an appeal was perfected. And no question is to be made that the subject matter of the controversy determined in the receivership proceeding is that here involved.

2. The appeal to the circuit court of appeals did not affect the judgment as a bar. Upon this question the authorities are not uniform but the majority holding is as stated. Smith v. Schreiner, 86 Wis. 19, 56 N. W. 160, 39 Am. St. 869; Parkhurst v. Berdell, 110 N. Y. 386, 18 N. E. 123, 6 Am. St. 384; Watson v. Richardson, 110 Iowa, 698, 80 N. W. 416, 80 Am. St. 331; In re Kirby, 10 S. D. 322, 414, 73 N. W. 92, 907, 39 L. R. A. 856, 859; Collier v. Alexander, 142 Ala. 422, 38 South. 244; Vantine v. Butler, 250 Mo. 445, 157 S. W. 588; Willard v. Ostrander, 51 Kan. 481, 32 Pac. 1092, 37 Am. St. 294; Moore v. Williams, 132 Ill. 589, 24 N. E. 619, 22 Am. St. 563; 2 Freeman, Judg. (5th ed.) § 722; 2 Black, Judg. § 510; 34 C. J. p. 771, § 1189; 2 R. C. L. p. 117, § 94; Dec. Dig. Judg. § 663; 30 Cent. Dig. Judg. § 1174.

3. The remand of the case when last here with directions as to the issue to be tried did not prevent the interposition as a bar of the judgment determining that issue in the U. S. court. The reversal in effect vacated the judgment entered subsequent to the order from which the appeal was taken. There was no longer an effective judgment. True, unless something intervened, the finding as to fraud would stand as a basis for a judgment for defendant if upon the new trial there was a sustained finding of a timely rescission; but there was nothing rendering improper or ineffective a supplemental pleading alleging that in the meantime the parties had litigated their controversy to a final decision. The evidence is conclusive that they did. If there had been no plea of res adjudicata, and only the issue of a timely rescission had been tried, the

judgment fixing the rights of the defendant would be one entered after the trial of the issue of rescission, and not the one of March 7, 1923.

Upon the going down of the remittitur the findings and conclusions should be amended in accordance with the views which we have expressed and judgment entered for the plaintiff.

Order reversed.

## AFTER REARGUMENT.

On December 24, 1926, the following opinion was filed:

DIBELL, J.

A rehearing was granted and the case reargued orally and on printed briefs. The argument was largely directed to the points considered in paragraph 3 of the opinion. The defendant relies upon Norfolk S. R. Co. v. Ferebee, 238 U. S. 269, 35 Sup. Ct. 781, 59 L. ed. 1303, and in addition cites other cases. We have examined this case and the others cited and adhere to the conclusion stated in our opinion. A further discussion would be profitless.

We take occasion to cite upon the question whether an appeal suspends the operation of a judgment as res judicata, considered in paragraph 2, State ex rel. Spratt v. Spratt, 150 Minn. 5, 184 N. W. 31, which supports the view taken in the former opinion.

Order reversed.