OTTO S. LOFGREN v. FRANK W. GREAVES.[1]

December 24, 1926.

No. 25,674.

**Plaintiff not entitled to specific performance on his theory of action.**
Under the findings of the court, sustained by the evidence, the plaintiff, who transferred his interest in certain land to the defendant Greaves, to be reconveyed under certain conditions, was not entitled to recover its value upon the theory that the defendant conveyed the property and disabled himself from performing.

Trusts, 39 Cyc. p. 633 n. 22.

[1]Reported in 211 N. W. 822.

Plaintiff appealed from an order of the district court for Hennepin county, Dickinson, J., denying his motion for a new trial.   Affirmed.

*John A. Nordin,* for appellant.

*Thompson, Hessian & Fletcher,* for respondent.

DIBELL, J.

Action for the specific performance of a contract for the reconveyance of certain land, or for damages in lieu of performance.   There were findings for the defendant.   The plaintiff appeals from the order denying his motion for a new trial.

The plaintiff, the defendant Libby and the defendant Greaves owned a tract of land in St. Paul, the plaintiff one-half and the defendants one-fourth each.   On November 26, 1915, the plaintiff and Libby conveyed their interests to Greaves.   The property was then under foreclosure of a mortgage of about $4,250.   The parties were having difficulty in protecting it.   Greaves placed a mortgage of $5,000 upon the property and relieved it of the pending foreclosure. In October, 1919, he traded the property for Hennepin county property and later traded the Hennepin county property for other property.   He has received no money.

The parties are in disagreement as to the terms of the agreement resulting in the deed of November 26, 1915.

The plaintiff claims that Greaves was to protect the property from the mortgage and when the property was sold or the mortgage discharged his proportion of the property was to be conveyed to him or he should have his proportion of the money.   On January 27, 1916, Greaves wrote the plaintiff a letter, upon which he places great stress, containing the following:

"This half interest is to be reconveyed to you, without charge or cost, as soon as the mortgage of $5,000 now on it has been paid or the property sold subject to this mortgage."

This clause is self-contradictory and ambiguous.   The contract between the plaintiff and Greaves rested in parol, was made two months before, and the letter is of value only in finding its terms. The plaintiff definitely grounds his right of recovery upon the prop-

osition that the agreement was that when the land was sold or the mortgage paid off he was to have his proportion of land or money, that the trade in 1919 amounted to a sale, that Greaves by the trade disabled himself from reconveying, and that he should have judgment for the value of his portion of the St. Paul property.

The court does not find the agreement to be as claimed by the plaintiff. In effect it finds that the plaintiff and Libby deeded to Greaves with the idea that he would relieve the property from the pending foreclosure, and would work out the interests of the parties in such way as best he could, exercising his discretion and judgment. The evidence justifies its finding.

This disposes of the case. The plaintiff under the finding has no right of recovery upon the theory which he adopted at the trial, for the findings negative the facts essential to support his theory. If in another action it appears that Greaves has completed his trust, or that he should account, the plaintiff can have appropriate relief; or if it is proved that he has breached his trust the plaintiff has his remedy. He is not deprived of a remedy if he has a wrong; but under the facts found he has no wrong. The findings do not bring him within Macklanburg v. Griffith, 115 Minn. 131, 131 N. W. 1063. The facts necessary to the application of that case have not been litigated, and the trial court directed that the judgment be without prejudice to the bringing of an action in a different form.

Order affirmed.