## SIMONDS v. NORWICH UNION INDEMNITY CO.

### No. 9796.

Circuit Court of Appeals, Eighth Circuit.

Oct. 23, 1934.

See, also, 65 F.(2d) 134.

James E. Gardner, of Duluth, Minn. (Austin Lathers, of Duluth, Minn., on the brief), for appellant.

W. O. Bissonett, of Duluth, Minn. (A. C. Gillette, of Duluth, Minn., on the brief), for appellee.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

March 16, 1929, in Duluth, Minn., the minor son of appellant was struck by an automobile driven by one Edgar T. Jackson. For the injury thus sustained, appellant brought in the state court of St. Louis county, Minn., two suits against Jackson, one to recover damages to himself personally for medical and hospital expenses, and the other, as father and natural guardian of his minor son, to recover damages for injuries to the person of his said son. He recovered in both actions; $1,800 for himself personally, and $9,800 for the benefit of the minor. Thereafter appellant brought two actions against appellee herein, upon the ground that the automobile, owned and operated by Jackson, was insured against public liability by appellee, and that for this reason appellee was liable to appellant for the payment of said judgments against Jackson. Appellee denied liability in both cases. The suit for $1,800, brought by appellant as an individual plaintiff, was tried in the District Court of St. Louis county, Minn. Judgment for plaintiff resulted, from which judgment appellee herein appealed to the Supreme Court of Minnesota. This appeal was argued December 19, 1932, and the Minnesota Supreme Court affirmed the judgment of the district court of St. Louis county, aforesaid, January 20, 1933. Hartigan v. Norwich Union Indemnity Co., 188 Minn. 48, 246 N. W. 477. February 6, 1933, appellee paid and satisfied said judgment of $1,800.

The action for $9,800 was removed from the state court to the District Court of the United States for the District of Minnesota. Judgment for appellant in the sum of $5,000 was entered in that court August 11, 1932. An appeal therefrom was taken to this court and was argued and submitted March 20, 1933. April 11, 1933, this court filed its order affirming the judgment of the District Court. The policy of insurance sued on provides thus:

"Page 1 of Policy
C. 7 Liability for Personal Injury
As Defined on Page 3—
One person          $ 5,000.00 ·
One accident      $10,000.00 ***
Page 3 of Policy

"In Consideration of the premium specified in, and the statements contained in, the Schedule of Declarations and Warranties endorsed hereon, made part hereof, and warranted by the Insured to be true, the Norwich Union Indemnity Company (hereinafter called the 'Company') hereby agrees with the Insured named in Paragraph B that if, during the term mentioned in Paragraph B any person or persons shall sustain bodily injuries by accident, whether resulting fatally or otherwise, by reason of the ownership, maintenance or use of any of the automobiles described in Paragraph D, Statement 3 of the said Schedule, at any location within the United States of America or the Dominion of Canada, for which bodily injuries the Insured and/or others as hereinafter provided, are liable for damages.

" * * * The company's liability under this policy for injuries sustained by any one person shall not exceed the amount set forth opposite 'one person' in Paragraph C, Article 7, and the Company's liability under this policy in respect of any one accident resulting in injuries to more than one person, shall not exceed the amount set forth opposite 'One Accident' in Paragraph C, Article 7."

The contention of appellee is that the policy, if in force at all, covered only the personal injury to the minor, and therefore the entire amount of recovery is limited to $5,000 in any event. Appellant contends that the terms of the policy were broad enough to cover, as well, incidental expenses incurred by the father as a result of the injury to the son. The District Court limited the recovery to $5,000, and its judgment was affirmed by this court. 65 F.(2d) 134.

After the affirmance of the judgment of the District Court by this court, the indemnity company sought to have appellant herein give it credit for the $1,800 payment theretofore made upon the state court judgment,

and tendered the sum of $3,200 to be accepted in full settlement of the balance due under the terms and conditions of the insurance contract. This offer was refused, and levy of execution was threatened. Thereupon the indemnity company, appellee herein, filed this equitable action in the District Court for the District of Minnesota, praying: "That this court issue its permanent injunction restraining and enjoining the defendant, H. O. Simonds, as father of John Simonds, a minor, from levying execution against the plaintiff herein or in any way attempting by legal process or otherwise, to collect the sum of $5,000.00 upon the judgment entered in this court on August 11, 1932 or any part thereof in excess of $3,200.00 plus interests and costs."

Appellant herein, defendant below, filed a motion to dismiss the bill of complaint upon the following grounds:

"1. That the court has not jurisdiction of the subject of the action, in that no permission to file said bill has been granted by the Circuit Court of Appeals of the Eighth Circuit.

"2. That the facts stated in said bill do not constitute a cause of action, and are insufficient to justify the granting of equitable relief, as prayed in said Bill of Complaint.

"3. That said bill is wanting in equity, as res adjudicata."

This motion was denied, appellant declined to plead further, and, in due course, a decree pro confesso was entered against him, from which this appeal is prosecuted. The assignments of error urged are: (1) The court erred in holding that the facts stated in the bill of complaint were sufficient to justify the granting of equitable relief as prayed; (2) the court erred in holding that said bill was not wanting in equity as res adjudicata.

Under the first assignment appellant says: "This issue hinges on the proper construction of the so-called limitation clause of the insurance policy involved," and reiterates his contention that the terms of the policy are broad enough to cover the incidental expenses of the father as well as the personal injuries to his minor son.

It appears that the original action in the District Court of the United States was a suit in equity to reform the policy of insurance which was issued to one Sverre A. Olson, instead of to Edgar T. Jackson, the owner and driver of the automobile which inflicted the injury upon appellant's minor son, and to recover against appellee herein the sum

of $9,800 as the insurer of Jackson, against whom appellant had previously recovered that amount in the Minnesota state court. The District Court reformed the policy as prayed, and entered judgment against appellee herein in the sum of $5,000, the amount specified in the policy for personal injuries to one person, with interest thereon. From this judgment the Norwich Union Indemnity Company appealed to this court. As heretofore stated, this court affirmed the judgment of the District Court April 11, 1933. From the opinion of this court, 65 F.(2d) 134, it appears that the only substantial issue presented by the assigned errors filed or relied upon in that appeal concerned the sufficiency of the evidence to sustain the reformation of the policy. No challenge was made to the amount of the judgment by either party. In the District Court, the indemnity company had filed an amended answer setting up the fact that the district court of St. Louis county, Minn., had already entered judgment against it in favor of H. O. Simonds individually in the sum of $1,800; but the significance of that fact was apparently not urged upon the district Court, and certainly not in the appeal to this court. This is admitted by appellee herein. Its counsel explain that the transcript on the former appeal to this court had been printed and the appeal perfected before the Supreme Court of Minnesota affirmed the $1,800 judgment in January, 1933, and the payment of that judgment in February, 1933. Counsel say in their brief: "There was no way in which we could have brought to the attention of this court the fact of the payment of said judgment of $1800.00, except by re-opening the case and introducing further testimony before the trial court. That would have required a motion to re-open the judgment for the purpose of amending or revising it after the expiration of the term in which the judgment was rendered, a thing which Federal Procedure does not permit."

They conceived that their only remedy was by an independent suit in equity. Under their first assignment of error, counsel for appellant, Simonds, seek to reverse the decree herein on the ground that the incidental expenses incurred by the father were injuries recoverable under the terms of the policy, in addition to the bodily injuries sustained by the minor son. While this contention does not appear to have been stressed in the former appeal, its rejection was necessarily involved in the judgment of the District Court, affirmed by this court. This judgment appellant herein has accepted, and

the holding is so clearly correct that we find further discussion upon this point unnecessary.

The ease here turns upon the question of whether the judgment of this court, affirming that of the District Court in the former appeal, has so finally disposed of the entire matter as to preclude the relief prayed for by appellee and granted by the decree from which this appeal is taken.

To impeach the decree of the District Court, which has now become the decree of this court, Obear-Nester Glass Co. v. Hartford-Empire Co. (C. C. A.) 61 F.(2d) 31, it would be necessary to file a bill of review or an original equitable action in the nature of a bill of review. Of course, a court has inherent power, even after the expiration of the term, by proper order to correct clerical and inadvertent errors of judgment, plainly apparent on the record; and a judgment, showing itself upon its face to be a nullity, may be vacated at any time. Woods Bros. Construction Co. v. Yankton County, S. D. (C. C. A. 8) 54 F.(2d) 304. But such is not the case here.

Bills of review may be maintained upon the following grounds: (1) For error apparent in the record; (2) newly discovered evidence; (3) fraud in procuring the decree. After appeal, where the appellate court has sent down its mandate, such a bill can be filed only after the appellate court has granted permission, unless such permission is reserved in the mandate. Obear-Nester Glass Co. v. Hartford-Empire Co., supra; Hagerott v. Adams (C. C. A. 8) 61 F.(2d) 35. Appellee, however, has neither applied for nor received such permission, and treats this action rather as an equitable action in the nature of a bill of review. The grounds of impeachment of a judgment or decree in the nature of a bill of review are fraud, accident, surprise, or mistake; very similar to those necessary to maintain a bill of review with the exception of newly discovered evidence.

Before entering upon a specific discussion of the status of the instant case, it may be instructive to examine the controlling decisions which condition recovery in suits of this nature.

"Generally speaking, the facts which condition the granting of relief by a court of equity against the enforcement of a judgment are: First, that the party seeking the relief had a good defense against the cause of action on which the judgment was entered; second, that he was prevented by fraud, concealment, accident, mistake, or the like from presenting such defense; and, third, that he has been free from negligence in failing to avail himself of the defense." Continental Nat. Bank v. Holland Banking Co. (C. C. A. 8) 66 F.(2d) 823, 829.

A bill of review for newly discovered evidence after the decree of the trial court has been appealed from and has been disposed of by an appellate court, either by affirmance or reversal, may not be entertained nor permitted to be filed without leave first granted by the appellate court, because the decree of the lower court has thus become the decree of the appellate court. The application is addressed to the discretion of the appellate court, and is not granted as a matter of course. Bills of review for newly discovered evidence are not favored by the courts. Their allowance rests upon a sound judicial discretion to be exercised cautiously and sparingly. It must be shown convincingly that the matter could not have been discovered or submitted in the exercise of reasonable diligence, and in time to be presented during the progress of the litigation now culminated in judgment or decree. Obear-Nester Glass Co. v. Hartford-Empire Co. (C. C. A. 8) 61 F.(2d) 31, 34; Southard v. Russell, 16 How. 547, 14 L. Ed. 1052.

"Where a court has jurisdiction of a cause and of the parties, a final decision by it is binding upon all parties thereto as to all issues and matters actually litigated therein or which could have been properly litigated therein. (Citing cases.) To hold otherwise would be to encourage endless splitting of causes of action and would make litigation interminable." Smith v. Apple (C. C. A. 8) 6 F.(2d) 559, 564.

Counsel are charged with knowledge of the fact that the opinion of this court becomes a part of the mandate binding upon the court below; if it makes any misstatement, or does not sufficiently cover the issues tried, it is incumbent upon counsel to bring such matters to the attention of the court by proper motion to correct the opinion. The right to file such motion, the right to file a petition for rehearing, and the right to apply to the Supreme Court for a writ of certiorari to correct any errors of this court, are all open to a litigant feeling himself aggrieved. Mortgage Loan Co. v. Livingston (C. C. A. 8) 66 F.(2d) 636, 640.

As said in United States v. Throckmorton, 98 U. S. 61, 65, 25 L. Ed. 93, there are no maxims in law more firmly established than that it is to the interest of the public that

there should be an end to litigation, and that no one ought to be twice vexed by one and the same cause of action; and further that "the doctrine is equally well settled that the court will not set aside a judgment * * * for any matter which was actually presented and considered in the judgment assailed." Loc. cit. page 66 of 98 U. S.

The rule stated by the Supreme Court in Marshall v. Holmes, 141 U. S. 590, 596, 12 S. Ct. 62, 64, 35 L. Ed. 870, is that "any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery." The same rule is thus announced by this court in National Surety Co. v. State Bank, 120 F. 593, 598: "They (federal courts) have plenary jurisdiction to restrain the enforcement of judgments and decrees to which the defendants had meritorious defenses, that they were prevented from interposing either by fraud or accident or mistake unmixed with their own negligence."

It will be noted that freedom from fault or negligence on the part of the one seeking such relief is essential.

■■■ "A question expressly determined by a court of equity, whose decree is affirmed on appeal, is res judicata between the parties, although such question was not considered by the appellate court, whose affirmance was based on other grounds." Russell v. Russell (C. C. A. 3) 134 F. 840.

It is a legitimate inference that this very question presented, so it is urged, in the amended answer of the indemnity company, was determined by the trial court. Its error in this respect, if it was error, whether of commission or omission, was not assigned on appeal to this court. A judgment is "a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Woods Bros. Const. Co. v. Yankton County, S. D. (C. C. A.) 54 F.(2d) 304, 307; Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195.

■■■ In the light of the principles thus announced, it is difficult to see how this decree can be sustained. No case of fraud, accident, surprise, or mistake is disclosed by the record. The contrary appears from the admissions of counsel in argument and brief. Appellee was advised of the judgment of $1,800, because it pleaded it in its amended answer in the federal District Court. It assigned no error because of the failure of that court to consider it, if it did fail, and to make a corresponding reduction in the amount of the judgment entered. It is claimed that the Supreme Court of Minnesota had not yet acted, and counsel were uncertain whether it would affirm the judgment of the state District Court. However, under the law, as declared by the Supreme Court of Minnesota, an appeal does not vacate or annul a judgment, and the matters determined remain res judicata until the judgment is reversed. State ex rel. Spratt v. Spratt, 150 Minn. 5, 184 N. W. 31; Schoonmaker v. St. Paul Title & Trust Co., 152 Minn. 94, 188 N. W. 223; Wilcox Trux, Inc. v. Rosenberger, 169 Minn. 39, 209 N. W. 308, 211 N. W. 822. But, aside from this, the judgment had been affirmed and satisfied by appellee herein while the appeal to this court from the judgment of the District Court was still pending. Clearly it could have advised this court of the situation and have enlisted its protection against the injustice of which it complains. It could have brought it to the attention of the appellate court by appropriate motion, by petition for rehearing before the mandate issued, insuring, if the facts warranted, a sufficient reservation in the mandate, directing the District Court to ascertain the facts and their legal effect, and, if necessary, to resort to equity, to permit the filing of a supplemental bill in the nature of a bill of review. An appellate court has this power to avoid or suspend a decree that might work inequity. Ballard v. Searls, 130 U. S. 50, 9 S. Ct. 418, 32 L. Ed. 846; Mortgage Loan Co. v. Livingston, supra. If the action of the Supreme Court of Minnesota had been brought to the attention of this court on the former appeal, it might properly have departed from "the ordinary rule which requires it to determine the cause upon the facts shown by the record," and, in the exercise of its discretionary and supervisory power, have taken such steps as would best subserve the ends of justice. Ransom v. City of Pierre (C. C. A. 8) 101 F. 665.

In view of the history of this litigation and of the record before us, we cannot permit this decree to stand. To do so would, as stated in Smith v. Apple, supra, "encourage endless splitting of causes of action and would make litigation interminable."

The decree below is reversed and the cause remanded, with directions to dismiss the bill. It is so ordered.