I respectfully dissent, and would reverse and remand to the trial court to vacate the judgment that was entered in favor of Tudor Oaks, a non-entity.
This action was commenced by S.B. McLaughlin in June 1987. At that time, Tudor Oaks, a limited partnership, and ABIO, Tudor Oaks' general partner, were *Page 437 
named as defendants, along with Cochrane and KSCS. In September 1989, however, S.B. McLaughlin became the sole limited partner of Tudor Oaks and the sole shareholder of ABIO. On January 10, 1992, Tudor Oaks and ABIO were realigned with S.B. McLaughlin as plaintiffs in S.B. McLaughlin's action against Cochrane and KSCS.
At the commencement of the action in June 1987, Tudor Oaks was an Ontario limited partnership, and ABIO, Tudor Oaks' general partner, was a Minnesota corporation. Before the realignment of the parties occurred in January 1992, however, Tudor Oaks' status as an Ontario limited partnership was dissolved. Furthermore, on October 11, 1991, ABIO's status as a Minnesota corporation was dissolved. No effort was made to continue ABIO in existence under Minnesota law. According to Ontario law, the dissolution of a corporate general partner automatically dissolves a limited partnership unless the partnership is continued by the remaining general partners pursuant to the partnership agreement or by consent. Ontario Limited Partnerships Act, 6 R.S.O., ch. L. 16 § 21 (1990). Because there was no such provision in Tudor Oaks' partnership agreement and because there were no remaining general partners, effective October 1991, Tudor Oaks' status as a limited partnership ceased.
Therefore, at the time of the realignment of the parties in January 1992, Tudor Oaks was a nonexistent limited partnership — a nonentity. As I view the record, no one seriously disputes the fact that Tudor Oaks is a phantom judgment creditor, now and when judgment was entered in its favor.
At the time the pleadings were amended and the parties realigned, the complaint realleged the existence of Tudor Oaks and ABIO as legal entities. However, the undisputed fact is that the complaint was pursued by Tudor Oaks and ABIO, who were actually nonexistent plaintiffs. A suit that is brought in the name of that which is not a legal entity is a mere nullity.J.C. Peacock, Inc. v. Hasko, 184 Cal.App.2d 142, 7 Cal.Rptr. 490,496 (1960). A plaintiff who is not a legal entity is without legal capacity to sue. Id.; Robertson v. Brown, 75 N.D. 109,25 N.W.2d 781, 784 (N.D. 1947); Philadelphia FacilitiesManagement Corp. v. Biester, 60 Pa. Commw. 366, 431 A.2d 1123,1127 (1981); see St. Paul Typothetae v. St. Paul Bookbinders'Union No. 37, 94 Minn. 351, 357, 102 N.W. 725, 726 (1905) (to be entitled to sue, a party must be a natural or an artificial person).
Minnesota law provides that a foreign limited partnership may not sue in this state until it has registered in the state. Minn. Stat. § 322A.75(a) (1992); see also Minn.Stat. § 322A.73
(1992) (foreign limited partnership must correct registration application when any facts change). At the time Tudor Oaks was realigned in this action as a plaintiff, it could not have been properly registered in this state because it was a nonexistent entity.
The trial court placed on Cochrane and KSCS the burden of proving the nonexistence of Tudor Oaks as a limited partnership. The court concluded that the failure of Cochrane and KSCS to timely raise the issue of capacity to sue must permit the judgment to stand.[1] But the interesting inquiry then follows: How does a phantom creditor enforce its judgment?
The trial court originally entered judgment in favor of S.B. McLaughlin and Tudor Oaks. Judgment was entered in favor of Tudor Oaks on September 24, 1992 in the sum of $1.628 million, later modified as to amount by this court. On appeal, this court reversed the portion of the judgment in favor of S.B. McLaughlin — this court reasoned that no fiduciary relationship existed between Cochrane and S.B. McLaughlin to support a judgment in S.B. McLaughlin's favor. Therefore, the only judgment remaining in this action is in favor of Tudor Oaks, modified by this court in a prior appeal. The court has inherent power to vacate a judgment that is a nullity; a void judgment may be vacated *Page 438 
anytime. Peterson v. Eishen, 512 N.W.2d 338, 341 (Minn. 1994);accord Simonds v. Norwich Union Indem. Co., 73 F.2d 412, 415
(8th Cir. 1934), cert. denied, 294 U.S. 711, 55 S.Ct. 507,79 L.Ed. 1246 (1935).
The cases cited by the majority are distinguishable, since they involve entities or individuals that actually exist. Here, it is conceded that when judgment was entered in its favor, Tudor Oaks was a nonexistent entity. Because the judgment has been entered in favor of a nonexistent entity, the possibility of enforcement of the judgment is equally nonexistent, and the judgment should be discharged of record. The judgment in favor of Tudor Oaks is a void judgment and "cannot gain validity by the passage of time." Eishen, 512 N.W.2d at 341.
[1] Although capacity ordinarily should be raised by specific negative averment, capacity to sue was not an issue at the time of the original complaint by S.B. McLaughlin. At the time of the original complaint, Tudor Oaks and ABIO were defendants, rather than plaintiffs. Furthermore, at that time neither Tudor Oaks nor ABIO had been dissolved. Once they were dissolved, they ceased to exist as legal entities.