Wade et al. *v.* Emerson et al.

1. A receipt in full from the plaintiff, after suit brought, is a good defence by way of plea *puis darrein continuance.*

### *Appeal from St. Louis Circuit Court.*

*Todd & Krum,* for appellants. The note to Wade & Osborne, accompanied by the writing underneath it, is not an accord and satisfaction of the debt demanded in this suit. 1. Because it is executory. 19 Wend. 408. 4 Denio, 414. 2. Because, to be such, it should be full, perfect and complete. 5 N. H. 136. The note, with its subscribed writing, is not a payment. The note of a debtor, for his debt, is not a payment. 8 Cow. 77. Nor is the note of a third person ever presumed to be so. 1 Cow. 290, 306. To make it such, it must be proved that it was agreed to be taken in payment, and was so taken. 1 Cow. Rep. 306. The note and writing together are totally repugnant, and are guilty of a *felo de se.* The proof does not sustain the defence set up in the answer. There is no proof of any agreement to dismiss this suit, nor is such the effect of the agreement.

*T. B. Hudson,* for respondents. The agreement set up is a bar to the plaintiffs' action. Although inartificially drawn, it is manifest that the parties intended, 1, that the suits mentioned should be dismissed and the attachments released; 2, to close up and adjust the open accounts between the parties named; and 3, to provide for the payment of the note out of a particular fund there designated. It is a good plea in bar

that plaintiffs, pending the suit, accepted a writing as an accord and satisfaction with the condition to dismiss the suit. 1 Stewart's Rep. 184.

SCOTT, Judge, delivered the opinion of the court.

This was an action in the nature of assumpsit, for goods, wares and merchandise, instituted by the appellants against the respondents in the Court of Common Pleas in St. Louis county. The process was an attachment which was served on the steamboat Excelsior, and upon property in the hands of a garnishee. The defendants appeared by attorney and answered the petition; judgment was rendered for the respondents on the following agreed state of facts: "It is agreed, that the facts are these; that the plaintiffs are and were copartners, as stated in their petition; that the accounts sued on were furnished as stated in the petition, and at the prices therein stated. It is admitted that the agreement signed by the parties, a true copy of which is herewith filed, had reference to the case above mentioned, and the case of the same plaintiffs against J. B. Goldsberry, and the accounts mentioned in the plaintiffs' petition, in each of said cases, and that the attachments referred to are the attachments in the cases above. It is admitted that James M. Emerson, one of the defendants, did, on his return to Dubuque, place in the hands of the person appointed to receive the assets of J. B. Goldsberry & Co., as stipulated in said agreement; that the indebtedness mentioned in said agreement, for which plaintiffs agree to give a receipt, includes the two accounts in the petition in the above cases mentioned. The agreement is as follows:

"$2,584 85.

"On demand, I promise to pay to Messrs. Wade & Osborne, or order, for value received, twenty-five hundred and eighty-four dollars and eighty-eight cents. St. Louis, August 15th, 1851. Signed, "JAMES M. EMERSON."

"The note above written, dated August 15th, 1851, paya-

ble on demand, for twenty-five hundred and eighty-four dollars and eighty-eight cents, which I have this day given to Wade & Osborne, is for the following considerations : 1st, they give me a full receipt for all the indebtedness of Emerson, Goldsberry & Co., and J. B. Goldsberry & Co. to them ; 2d, they to release their attachment upon Emerson, Goldsberry & Co.'s interest in the steamer Excelsior ; 3d, they to give me an order on their attorney at Dubuque, for all the *asset* notes of Emerson, Goldsberry & Co., and J. B. Goldsberry & Co., now in their hands for collection.

" On my return to Dubuque, I am to place the account they now render me, against Emerson, Goldsberry & Co., and in favor of Wade & Osborne, in the hands of the receiver appointed by the judge to take charge of J. B. Goldsberry & Co.'s assets ; and this debt, for which my note is above given, is to be paid after five thousand dollars of debts of Emerson, Goldsberry & Co., now in the hands of said receiver, against the assets of J. B. Goldsberry & Co., are paid, and when the assets of J. B. Goldsberry & Co. are finally wound up, and Wade & Osborne have received from the receiver of J. B. Goldsberry & Co.'s assets all of their share of the proceeds, then this note I have signed, (the date and amount named in the document to Wade & Osborne,) is to be considered null and void. Signed,     " JAMES M. EMERSON,
          " WADE & OSBORNE.

" In presence of Cyrus G. Hoyt."

1. We do not conceive, that the doctrine in the books, in relation to the plea of accord and satisfaction, affects this case. It must turn on the effect to be given to the words in the agreement, " they give me a full receipt for all the indebtedness of Emerson, Goldsberry & Co. and J. B. Goldsberry & Co. to them." It is agreed that the indebtedness here referred to, constitutes the foundation of this suit. We regard the words above recited as a receipt given by the plaintiffs to Emerson, one of the defendants. It was the intention of the parties, although rather awkwardly expressed, that the agree-

ment itself should be the receipt. How, then, stands the case? The defendants hold a receipt in full against the demand, for which they are sued. This receipt, it is true, is given after suit brought, but it is conceived that it is a good defence by way of plea *" puis darrein continuance."* There is no warrant in law for going behind this receipt, and enquiring whether the party made a wise or a foolish bargain in giving it, as there is no allegation of any fraud, imposition, mistake, or any circumstance which would authorize a court to disregard it. It cannot be necessary to go into an examination of authorities, to show how slight a consideration will support an agreement. We deem that there is such evidence of a consideration as will sustain the receipt given in this case. With the goodness or folly of the contract, the court can have no concern. The other Judges concurring, the judgment will be affirmed.

---

WADE & OSBORNE, Appellants, *vs.* GOLDSBERRY, Respondent.

*Appeal from St. Louis Court of Common Pleas.*

*Todd & Krum,* for appellants.
*T. B. Hudson,* for respondent.

