## LIZZIE VANTINE v. MARY BUTLER et al., Appellants.

### Division One, May 31, 1913.

1. **PARTITION: Right of Plaintiff to Maintain: Former Judgment Establishing Heirship.** A final judgment of the circuit court decreeing plaintiff to be a pretermitted heir of testator, and appealed from by defendants without bond and still pending and unaffirmed in the appellate court, is competent evidence to establish the fact that plaintiff has an interest in the land to be partitioned. Such judgment was conclusive upon the parties until reversed, and defendants cannot question its conclusiveness in the subsequent partition proceeding, where they do not seek to postpone that proceeding until the determination of the former suit by the appellate court.

2. ———: **Present Right to Maintain: Pretermitted Heir.** A pretermitted heir has a present right to prosecute her suit for a partition of testator's real estate, and therein to set up her right as his child, independently of any prior suit to establish her heirship and title to her share in his entire estate.

3. ———: ———: ———: **Suit Contesting Will Pending.** The fact that some of the devisees under the will, after plaintiff, pretermitted by the will, brought her present suit in partition, instituted an action against the other devisees to set aside the

will, does not constitute a defense to her suit. The plaintiff does not claim under the will, and whether it be established or annulled in the suit by the devisees *inter sese* she is not affected as to the extent of her rights in decedent's estate under the statute which entitles the child of the deceased not mentioned in the will "to such proportion of the estate of the testator, real and personal, as if he had died intestate."

Appeal from Boone Circuit Court.—*Hon. N. D. Thurmond,* Judge.

AFFIRMED.

*Whitecotton & Wight* and *Harris & Finley* for appellants.

(1)　There was no competent testimony tending to prove that the respondent had any right or interest in the land asked to be partitioned, and especially no right to the present possession of her share in severalty, which is necessary for the party to have before they can maintain partition. 21 Am. & Eng. Ency. Law, 1151. (a). Partition may be maintained when the party is disseized who brings the suit, but even where that is the law, there must be a present right of entry. (b). While the appeal did not suspend the judgment entered in the suit brought to determine the heirship of the plaintiff, still, it does not give the respondent the right of present entry, having been appealed. State ex rel. v. Dillon, 96 Mo. 61. (2)　The court entered judgment without any substantial testimoney upon which to base it. The answer is a general denial, followed by an affirmative defense in the nature of a plea in abatement. Except as to the question as to the value of the land, there is no testimony tending to prove the issue joined, except the judgment of the former suit offered in evidence, and the issue determined in that suit, being solely the question of the heirship of the respondent, said judgment was not competent for any other purpose than to prove the heirship of the respondent, if that, under all the facts

shown.   (3)   There being no substantial testimony, tending to prove the substantive allegation of plaintiff's petition, the court should have given appellants' declaration directing judgment dismissing plaintiff's bill.

*Gillespy & Conley* for respondent.

The record shows the proceedings in the case which establishes respondent's heirship and tenancy in common with defendants and defendants' interest in these particular lands.   These records were not objected to, nor exceptions saved, and their competency cannot now be called in question.   They establish her right to the present possession of her share in severalty.   (a) Respondent has a right of entry.   A widow's claim of dower or quarantine is not adverse to the claims of heirs.   Thomas v. Black, 113 Mo. 70; Colvin v. Hauenstein, 110 Mo. 575.   The defendants claim under the will of John Butler, and this will does not create estates inconsistent with plaintiff's claims and therefore adverse.   Shepperd v. Fisher, 206 Mo. 249; O'Brien v. Ash, 169 Mo. 283; Collier v. Gault, 234 Mo. 457; Chapman v. Hullman, 191 Mo. 237; Breidenstein v. Bertram, 198 Mo. 328. (b) Appellants concede the appeal did not suspend the judgment but say the judgment although final and unsuspended did not give plaintiff a right of entry.   The case they cite holds that a final judgment sustaining an injunction is not suspended by an appeal, and that if it is disobeyed contempt proceedings may be brought for disobeying it.   While the case is hardly in point the logic of it sustains respondent's view that the judgment is final until reversed.   Until reversed or set aside the prior decree is a final one, and where no appeal bond is given the judgment is not suspended nor is execution thereon prevented.   Rodney v. Gibbs, 184 Mo. 11; Burgess v. O'Donoghue, 90 Mo. 299. When the decree was offered in evidence it was a valid subsisting

decree unreversed and in full force and effect and in no way suspended by a *supersedeas.* Rodney v. Gibbs, 184 Mo. 11; Ritter v. Democratic Press Co., 68 Mo. 458. An appeal does not vacate the judgment below or prevent it from being pleaded or given in evidence as an estoppel upon issues that were tried and determined in the case. Edmonston v. Carter, 180 Mo. 515; Ranson v. City of Pierre, 41 C. C. A. 585, 101 Fed. 665; Freeman on Judgments (4 Ed.), sec. 328; 2 Black on Judgments (2 Ed.), secs. 510, 685.

## STATEMENT BY THE COURT.

Plaintiff sues as the child and heir of John Butler, who died on the 28th of September, 1906, after having made a will devising his estate, consisting of land and personalty wherein she was neither mentioned nor provided for, for a partition of a portion of his real estate between herself and widow and devisees mentioned in said will, alleging that she is entitled to an undivided one-sixth interest in the fee of said land, subject to a dower interest of the widow therein, to whom said land had been devised during her natural life or widowhood with remainder at her death or remarriage to her co-defendant, Loutetia Phelan, also a daughter of said John Butler, deceased. The petition then specifically sets out the respective interests of the parties, and alleges that the personal estate of the deceased, John Butler, is amply sufficient to pay off all his debts, and that the land in question being insusceptible of advantageous division should be sold for partition. The two defendants are the devisees under the will, to whom the particular land sought to be partitioned was devised, and answered (1) by a general denial; (2) by way of affirmative defense and plea in abatement that plaintiff prior to the institution of the present suit had instituted another action in said court against all the heirs of John Butler, deceased, seeking to establish her

rights as a child and heir of the deceased, to a distributive share of his entire estate; and wherein the present defendants and other heirs of the deceased were made defendants; and wherein they denied the heirship and interest of plaintiff, and on trial of which issue, plaintiff prevailed. And for a third defense alleged that one of the descendants of John Butler, deceased, had brought an action against other devisees under his will to set aside the same, which action was still pending. The reply took issue. Plaintiffs adduced evidence of the decision in her favor in the former suit begun to establish her heirship by the circuit court of Boone county, and that an appeal was taken therefrom by some of the defendants but without bond (which appeal subsequently resulted in an affirmance of the judgment obtained by plaintiff in the lower court in a decision rendered February 29, 1912). [Vantine v. Butler, 240 Mo. 521.] And also proved that she was not a party to the suit contesting the will. Upon the conclusion of the testimony, the court rendered a judgment ascertaining the interests of the parties and appointing three commissioners to set off dower to the widow, and directing the remainder of the land described to be sold and the proceeds divided in proportion to the interests of the parties entitled. From that decree, the defendants perfected their appeal to this court.

## OPINION.

### I.

BOND, J. (After stating the facts as above):——

The first error assigned in the brief of appellants is that the decree below was not supported by competent evidence tending to prove that respondent had any right or interest in the land to be partitioned or present right of possession to a share thereof in severalty.

250 Mo.—29

The appellants are in no position to complain of the sufficiency of the evidence to show the heirship of the plaintiff as a child of the deceased John Butler.

Final Judgment. That issue was determined in respondent's favor in a suit brought by her against them and others for the purpose of deciding it, and the judgment so rendered was offered and received in evidence in the present case without any objection whatever on the part of appellants. It is true that at the time it was presented in evidence its conclusiveness was provisional only since it had not then been affirmed on the appeal taken to this court without bond; but it was then a final judgment open to execution and conclusive between the parties until it should be reversed. [Rodney v. Gibbs, 184 Mo. l. c. 11; Burgess v. O'Donoghue, 90 Mo. 299; Ritter v. Democratic Press Co., 68 Mo. 458; Railroad v. Atkison, 17 Mo. App. 484.] This judgment, subsequent to the possibility of its reversal on appeal, was pleadable or evidentiary in any matter arising between plaintiff and the defendants who are parties thereto. [Rodney v. Gibbs, supra, l. c. 14; Edmonston v. Carter, 180 Mo. 515; 2 Black on Judgments (2 Ed.), secs. 510, 685; 1 Freeman on Judgments (4 Ed.), sec. 328.] If that judgment had been reversed instead of having been affirmed on appeal to this court (Vantine v. Butler, 240 Mo. 521), appellants might have had the advantage thereof if the present case had still been pending, by a plea of *pius darrein continuance.* [Wade & Osborne v. Emerson & Goldsberry, 17 Mo. 267.] Or if the present case had been tried before the determination of the appeal in the other, appellants might have obtained by proper proceedings an annulment of the decision in plaintiff's favor. But appellants had no right to question the conclusiveness of the judgment against them, from which they had appealed without bond, especially since they did not in any way seek to postpone the prosecution of the present suit until the determination of the former and made

no objection whatever to the introduction in evidence in this case of the proceedings in the other.

We, therefore, rule that there was competent evidence in this case to support the judgment of the trial court.

II. Neither is there any merit in appellants' claim, that plaintiff did not have at the institution of this suit a present right to her share in severalty of her father's estate. She might have prosecuted this action and set up her rights as such child in this action independently of a prior suit to establish her heirship and title to her share in the entire estate of **Partition: Present Right..** her father; and in the event of the sustention of those rights on the trial, she had the same right to a decree for partition which any other heir of her father would have in case of his intestacy. [Breidenstein v. Bertram, 198 Mo. 328 and cases cited; McCracken v. McCracken, 67 Mo. 590.] Hence, she had the same rights of entry after such judgment that any other child would have had whose heirship was acknowledged. The present action is only for participancy on her part in a specific portion of the land of the deceased father. The former action was intended to establish her rights generally as his child to an equal share with his other children in all of his estate as if he had died intestate and was predicated upon the terms of the statute entitling the child of the deceased, who is not mentioned in his will, "to such proportion of the estate of the testator, real and personal, as if he had died intestate." [R. S. 1909, sec. 544; Boyer v. Dively, 58 Mo. 510.] It in no wise prevented the bringing of the present suit.

III. These conclusions cover all the defenses made except the one based on the fact that some of the devisees under the will of the deceased, after the institution of the present suit, brought an action

**Suit Pending.** against the others to set aside the will. Obviously, that does not constitute a defense to this action, for the plaintiff in this case does not claim under the will and is not affected as to her rights secured by the above statute, whether the will is established or annulled. [Spratt v. Lawson, 176 Mo. l. c. 182; Robertson v. Brown, 187 Mo. l. c. 457.] The rights which enure to the plaintiff are measured by those to which she would have been entitled had her father died without a will; and the enforcement of her rights does not trench upon the relations *inter sese* of the devisees of the will, who still take according to its devises if that instrument is valid, excepting that they are required to contribute their proportional part to make up the interest and estate which comes to the plaintiff as upon the intestacy of her father. [R. S. 1909, secs. 544, 582.]

The result is the judgment is affirmed. All concur.