**MISSOURI DIVISION OF EMPLOYMENT SECURITY, Petitioner-Respondent,**

**v.**

**LABOR AND INDUSTRIAL RELATIONS COMMISSION and Ronald K. Abel, Respondents-Appellants.**

**No. WD 32062.**

Missouri Court of Appeals, Western District.

July 21, 1981.

William F. Ringer, Jefferson City, for respondents-appellants.

Rick V. Morris, Susan P. Haag, Jefferson City, for petitioner-respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Ronald Abel filed an application for unemployment benefits based upon employment during the year of 1978 while incarcerated in a state penal institution. A deputy in the Division of Employment Security denied the claim and this decision was affirmed by the Appeals Tribunal. On appeal to the Labor and Industrial Relations Commission it was held that Abel was entitled to compensation. The Division appealed to the circuit court which reversed the decision of the Commission and held Abel was not entitled to benefits. The Commission has appealed.

The Commission contends Abel was not lawfully incarcerated and, therefore, was not disqualified from benefits and attempts to raise a constitutional issue. Affirmed.

Ronald Abel was convicted in May, 1975, of second degree burglary and stealing and sentenced to consecutive terms of three years and two years. Execution of the sentences was suspended and Abel was placed on five years probation. In December, 1976, a hearing was held in Gasconade County Circuit Court and the probation was revoked and Abel was ordered committed to the custody of the Department of Corrections. In June, 1977, Abel filed a petition for habeas corpus with the Supreme Court and in December, 1978, that court ordered him released from confinement under the order revoking probation and remanded him to custody for further proceedings. *Abel v. Wyrick*, 574 S.W.2d 411 (Mo. banc 1978).

While incarcerated under the order revoking probation, Abel was employed by two state agencies on a work-release program with the Department of Corrections during most of the year of 1978.

■ There is no dispute as to the facts in this case and the issue is solely the construction and application of the statute hereinafter discussed. Therefore, the issue in this case is one of law and if the decision of the Commission was based upon an erroneous conclusion of law this court is not bound by such decision but should reverse. *Mascom Management v. Labor & Indus. Rel. Comm.*, 586 S.W.2d 802, 804[1, 2] (Mo.App.1979).

Section 288.034.9(6), RSMo 1978, provides the term employment does not apply to services performed by an inmate of a custodial or penal institution after December 31, 1977. The Commission contends that Abel's incarceration was illegal because the Supreme Court found that his probation had been revoked in a proceeding which had denied Abel due process. The Commission contends that the effect of the Supreme Court decision was to declare that Abel's confinement was illegal ab initio. The only authority cited for this proposition is the principle that a defendant in a criminal proceeding is presumed to be innocent until proven guilty.

■ It should be noticed in the first place that the revocation of probation is not a criminal proceeding. *Reiter v. Camp*, 518 S.W.2d 82, 87[5, 6] (Mo.App.1974). The presumption of innocence has no application to the facts in this case. Rather, the question to be resolved here is the validity of the judgment which revoked probation and committed Abel to the custody of the Department of Corrections between the time of the entry and the decision of the Supreme Court. In *State v. Buck*, 120 Mo. 479, 25 S.W. 573, 578 (1894) the court held a judgment of conviction in a criminal case is deemed to be in full force and effect until it is set aside or reversed. In *Ritter v. The Democratic Press Company*, 68 Mo. 458, 461 (1878) the circuit court had denied a person who had been convicted of a felony that disqualified him as a witness the right to testify. At that time the conviction was on appeal but the court held such person was properly excluded as a witness because the court could not anticipate what action the appellate court might take on the appeal. In short, the conviction was treated as being fully valid until such time as it was reversed on appeal.

In *Vantine v. Butler*, 250 Mo. 445, 157 S.W. 588, 589 (1913) the court held that a judgment in a civil suit, in the interim between its rendition by the circuit court and a decision on the appeal, was a final judgment open to execution and conclusive between the parties until it should be reversed.

■ From the above it is clear that a final judgment in the circuit court is final and conclusive between the parties from the time it is rendered until action is taken by an appellate court to set aside such judgment. Here the judgment revoking Abel's probation and ordering him into the custody of the Department of Corrections was fully valid and capable of being executed as it was until such time as it was overturned by the Supreme Court. In that situation it cannot be said that Abel was illegally in the custody of the Department of Corrections. It follows that Abel was an inmate of a

penal institution during the time he worked in 1978 and thus was not employed within the plain provisions of § 288.034.9(6) and was thereby ineligible for benefits.

The Commission attempts to raise a constitutional question as to § 288.034.9(6) by contending that such section violates the equal protection clause and the due process clause of both the United States and Missouri Constitutions because it discriminates between people who are able to make bail and remain at liberty during the pendency of an appeal and those who are unable to make bail. There are several reasons why this constitutional question may not be considered on this appeal, but it is sufficient to note that the Commission does not have standing to raise such constitutional question because it is not adversely affected by the statute on the challenged ground. Only those who are adversely affected have standing to raise a constitutional question. *Ryder v. County of St. Charles*, 552 S.W.2d 705, 707[1] (Mo. banc 1977).

The judgment of the circuit court is affirmed and this cause is remanded to the circuit court with directions that this cause be remanded to the Labor and Industrial Relations Commission with directions to affirm the decision of the Appeals Tribunal.

All concur.