**STATE of Missouri ex rel. Mary HALL, Appellant,**

v.

**John WOLF, et. al, Respondents.**

**Nos. 50018, 50197.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 25, 1986.

Motion for Rehearing and/or Transfer
Denied May 6, 1986.

Application to Transfer Denied
June 17, 1986.

Daniel E. Wilke, Private Atty., Clayton, for appellant.

Frank Susman, Private Atty., Clayton, for respondents.

DOWD, Presiding Judge.

This is a consolidated appeal. Mary Hall, the former Mayor of the City of Pagedale, appeals from: (1) an order affirming her impeachment from office by the Pagedale Board of Aldermen pursuant to § 79.240 RSMo. 1978 [1] and (2) a permanent writ in quo warranto enjoining her from exercising the privileges of the office of Mayor of the City of Pagedale upon reelection to that office after impeachment therefrom.

On appeal, Ms. Hall raises four points of error: (1) that the trial court erred in affirming the decision of the Pagedale Board of Aldermen impeaching appellant for the reason that the allegations in the Bill of Impeachment and the evidence presented during the impeachment hearing failed to establish legal cause for impeachment under § 79.240 by competent and substantial evidence; (2) that the impeachment proceeding before the Pagedale Board of Aldermen denied appellant her right to procedural due process in that she was not given adequate notice of the charges against her, inter alia, appellant argues: that the charges in the Bill of Impeachment were vague, and that inadequate time was permitted to investigate the charges; that the Board of Aldermen believed that it was aggrieved by her alleged misconduct; that the Board carried out the functions of investigator, prosecutor and judge; that she was denied her right to confrontation because the members of the Board of Aldermen refused to take the stand to testify during the impeachment hearing; (3) that the court erred in dismissing Count I of

1. All references are to RSMo.1978 unless otherwise specified.

appellant's petition seeking a writ of mandamus to restore her to office; and (4) that the court erred in granting a writ in quo warranto enjoining appellant from exercising the privileges of the office of Mayor.

■ In Point I, appellant contends that the allegations set forth in the Bill of Impeachment and the evidence presented at the impeachment proceedings before the Pagedale Board of Aldermen failed to establish legal cause for removal under § 79.240. The impeachment of elected officials in Pagedale, a fourth class city, is governed by § 79.240 which provides in relevant part as follows:

> Any elected officer, including the Mayor, may in like manner, for cause shown, be removed from office by a two-thirds vote of all members elected to the Board of Aldermen, independently of the Mayor's approval or recommendation.
> § 79.240 RSMo.

Appellant suggests that we apply the standards for removal as set forth in § 106.-220 [2] which governs the forfeiture of office where the officer is not subject to removal by impeachment. That statute is not applicable because here the appellant is subject to removal by impeachment. Nor does appellant cite any case in support of this argument. "For cause shown" is not defined by § 79.240 RSMo. Words standing alone in a statute are to be interpreted according to their ordinary meaning but if a term is specially defined by statute, the special definition must be given effect. *St. Louis Country Club v. Administrative Hearing Commission of Missouri,* 657 S.W.2d 614, 617 (Mo. banc 1983). Black's Law Dictionary (5th Ed.) defines "good cause" as, " 'substantial reason,' one that affords a legal excuse. Legally sufficient ground or reason. Phrase 'good cause' depends on the circumstances of the individual case, and the finding of its existence lies largely in the discretion of the officer or court to which the decision is committed." *Wilson v. Morris,* 369 S.W.2d 402,

407 (Mo.1963); *Matter of Seiser,* 604 S.W.2d 644, 646 (Mo.App.1980).

The Bill of Impeachment presented to appellant at the September 25, 1984 meeting of the Pagedale Board of Aldermen enumerated the following charges: (1) that she substituted the name of the Court Clerk for that of the City Treasurer as co-signatory with the Mayor for city checks without obtaining the approval of the Board of Aldermen and contrary to city ordinance and state law; (2) that she refused on several occasions to recognize four of the six members of the Board of Aldermen and permit them to introduce resolutions and ordinances; (3) that she appointed a Chief and Captain of police and removed the existing Chief and Captain contrary to state statute and local ordinance; (4) that she discharged a police officer contrary to state statute and local ordinance; (5) that she interfered with the proper functions of the City Clerk, the Building Commissioner, and other officials of Pagedale; and (6) that she executed the Community Development Cooperation Agreement in a form different from that adopted and approved by the Pagedale Board of Aldermen and, furthermore, that she attempted to veto by a letter to the Office of Community Development, Section 15 of the agreement, adopted and approved by the Board of Aldermen.[3]

After hearing testimony and receiving evidence during three evening sessions on October 25, 26, and 28, 1984 the Board adjourned and, after due deliberation, voted for the impeachment of appellant on Charges 1, 2, 3, 5 and 6 and to acquit her of Charge 4. In accordance therewith, the Board issued comprehensive findings of fact and conclusions of law in support of its decision to impeach appellant.

■ Thereafter, appellant filed a timely petition in three counts in the Circuit Court of St. Louis County, seeking a writ of mandamus, Count I; an injunction, Count

---

**2.** This statute § 106.220 set forth specific reasons for forfeiture of office unlike § 79.240.

**3.** All of the acts charged in the Bill of Impeachment occurred during the term of office for which appellant's impeachment was sought.

II; and judicial review of the aldermanic impeachment under § 536.140, Count III. The court dismissed Counts I and II of appellant's petition. After review of the record of the proceedings before the Board of Aldermen, Judge Melvin Wiesman issued an order affirming the Board's decision impeaching appellant. The trial court found that the actions and decisions of the Board of Aldermen were not in violation of constitutional provisions, were not in excess of its statutory authority or jurisdiction and that its findings of fact and conclusions of law were supported by competent and substantial evidence. The court further found:

Finding #8 is not supported by the record as a whole and conclusions of law #39 and #41[4] are not in conformity with the laws of the State of Missouri, [however] the errors are not destructive of the decision of the court ordering the impeachment of the relator and declaring the office of the Mayor of Pagedale vacant, which is supported by competent and substantial evidence on the record as a whole.

The decision of the Board of Alderpersons was authorized by law.

The hearing held before the Board of Alderpersons was held with lawful procedure and the relator was provided with a fair trial.

The decision of the Board of Alderpersons was not arbitrary or capricious.

The decision of the Board of Alderpersons was not an abuse of discretion.

On appeal, we review the agency decision and not the decision of the Circuit Court. *Watkins v. State Board of Registration for the Healing Arts,* 651 S.W.2d 582, 585 (Mo.App.1983); *Feltz v. Hesselback,* 675 S.W.2d 60, 62 (Mo.App.1984) Our review of an administrative decision is limited to a determination of whether the agency's action was supported by competent and sub-

stantial evidence upon the record as a whole or whether an abuse of discretion appears. *Ross v. Robb,* 662 S.W.2d 257, 259 (Mo. banc 1983); *Barnes Hospital v. Missouri Commission on Human Rights,* 661 S.W.2d 534, 535 (Mo. banc 1983). We may not substitute our judgment on the credibility of the witnesses for that of the administrative agency. *Cox v. Sayad,* 647 S.W.2d 884, 885 (Mo.App.1983).

After examination of the record in light of our standard of review, we find that there was competent and substantial evidence on the record as a whole before the Board of Aldermen in support of its determination that legal cause for impeachment of appellant under § 79.240 existed. Briefly, the record reveals multiple instances of misconduct by Ms. Hall any of which constitutes sufficient grounds for impeachment under § 79.240. Appellant ordered the name of the City Treasurer removed from the signatory card of the bank account of the City of Pagedale and substituted with that of the Court Clerk without the prior knowledge, approval or subsequent ratification by the Board of Aldermen. At aldermanic meetings, she acted in a discriminatory manner by refusing to recognize four of the six members of the Pagedale Board of Aldermen and prevented them from introducing resolutions and ordinances in the same manner and frequency as the other two members of the Board of Aldermen. In addition, appellant interfered with the internal operation of the Pagedale Police Department when she telephoned the police dispatcher concerning a woman held by the Richmond Heights Police Department on a stealing charge and ordered the dispatcher to withdraw a wanted order—the woman had failed to appear twice for scheduled court dates in Pagedale—from the police computer. She continued to insist that the name be removed even after the dispatcher informed her that

---

**4.** The Board's finding of fact #8 was that the Treasurer of the City of Pagedale attended all meetings of the Board of Aldermen during the time period relevant to the impeachment proceeding under § 79.240. Conclusions of law #39 pertained to appellant's appointment of a

Chief and Captain of the Pagedale Police Department and #41 involved an incident in which she ordered a police dispatcher to remove the name of a woman wanted for failure to appear in court from the police computer.

in accordance with her training from the Regional Justice System, she was not authorized to delete information unless authorized by the Court Clerk. The Pagedale Board of Aldermen concluded that this action constituted a violation or attempted violation of § 569.095 Cum.Supp.1986, tampering with intellectual property, and § 575.110, tampering with a public record. The trial court disagreed and found this finding not in conformity with the laws of the State of Missouri. We need not decide this point, however, because we find that such action constituted good cause for removal under § 79.240. Furthermore, we find appellant's argument that this action constituted a pardon or reprieve pursuant to § 79.220 without merit.

In another incident, Ms. Hall acted in derogation of established procedures of the office of the Building Commissioner in authorizing a building permit. Next, appellant signed a version of a community development block grant agreement which excluded a 20% contribution to the Normandy Municipal Council. She did this notwithstanding passage of Ordinance No. 764 by the Board with the understanding that the agreement submitted would contain a provision for a 20% contribution of block grant funds to the Normandy Municipal Council.

We have carefully considered appellant's Point II that she was denied procedural due process and find it non-meritorious. The Board complied with procedures for impeachment of the Mayor of a fourth class city set forth in § 79.240, *supra*. *See Rose v. State Board of Registration for the Healing Arts*, 397 S.W.2d 570, 574 (Mo. 1965); *Tonnar v. Missouri State Highway & Transportation Commission*, 640 S.W.2d 527, 533 (Mo.App.1982). No precedential value would be served by an extended discussion of this prolix point. It is,

therefore, denied in compliance with Rule 84.16(b).

In her Point III, appellant contends that the court erred in dismissing Count I of her petition which sought a writ of mandamus. It is well established that a party may neither appeal from the denial of mandamus relief, barring the issuance of an alternative writ, nor appeal the dismissal of a petition for a writ of mandamus. *Gorris v. Mussman*, 612 S.W.2d 357, 362 (Mo.App. 1980); *Gullic v. City of Fredricktown*, 679 S.W.2d 436, 437 (Mo.App.1984); *Troske v. Martigney Creek Sewer Co.*, 706 S.W.2d 282 (Mo.App.1986). We rule this point against appellant.

█ In Point IV, appellant contends that the court erred in granting a permanent writ in quo warranto enjoining her from assuming the office of Mayor upon reelection for the reason there was no final determination that a forfeiture of office occurred.

On October 29, 1984, appellant, then Mayor of Pagedale, was impeached from the office to which she was elected on April 3, 1984 in proceedings conducted pursuant to § 79.240 by the Pagedale Board of Aldermen. The impeachment was affirmed after review by the Circuit Court under § 536.140 on March 25, 1985, and appellant's subsequent motion for a stay was denied. However, on April 2, 1985, appellant was reelected to the Office of Mayor of Pagedale for the remainder of the term left vacant as a result of her earlier impeachment. Thereafter, a temporary writ in quo warranto restraining appellant from assuming the office of Mayor issued on April 23, 1985, and on May 6, 1985, a permanent writ in quo warranto was granted by Judge Hoester.[5]

---

**5.** The writ in quo warranto provides as follows:
The Court having carefully considered Mo. R.S., § 79.250 and other applicable statutes, the Missouri Supreme Court's opinion in *State ex rel. Danforth v. Alford*, 467 S.W.2d 55 (Mo. banc 1971), other applicable and/or relevant judicial decisions of this state and of other jurisdictions, having taken judicial notice of this Court's file in *State of Missouri ex rel. Hall v. Wolf*, cause

no. 515168, and having been guided by the public good;

The Court now ORDERS, ADJUDGES AND DECREES that a Permanent Writ of Quo Warranto is hereby entered in favor of the Relator, State of Missouri, and against the Respondent, Mary Hall, removing Respondent from the office of Mayor of Pagedale, Missouri, enjoining her from exercising any rights, powers or duties

Appellant first contends the permanent writ in quo warranto was issued in error because there was no final determination of a forfeiture of the office of Mayor of the City of Pagedale. We disagree. A judgment, in the interim between its rendition by the Circuit Court and a decision on appeal, is a final judgment open to execution and conclusive between the parties until reversed. *Vantine v. Butler*, 250 Mo. 445, 157 S.W. 588, 589 (1913); *Missouri Division of Employment Security v. Labor & Industrial Relations Commission*, 620 S.W.2d 36, 38 (Mo.App.1981). Furthermore, we find our Supreme Court's holding in *State ex rel. Danforth v. Alford*, 467 S.W.2d 55, 56 (Mo. banc 1971) controls the issue presented to us. *See also* Mo. Attorney General Opinion No. 116, April 3, 1980. In *Alford* the court addressed as an issue of first impression in Missouri whether an impeached official who sought to place his name on the ballot in an election to fill the position vacated as a result of his impeachment was disqualified from serving in that office for the remainder of the term. The Court quoted with approval from *State ex rel. Thompson v. Crump*, 134 Tenn. 121, 183 S.W. 505, 507 (1916) which summarizes the opinions of other jurisdictions that hold when an official is removed from office it is for the current term, and he cannot thereafter be appointed or elected to that office during the remainder of his term.

> In all these cases it was held that the particular term or tenure of the officer was a part of and included in his office, and that, when he was removed from his office, he was removed for the particular term or tenure he was then enjoying. So when one is removed from an office, he is removed for the current term, and he cannot thereafter be reelected to that term. This is so because the term is part of the office.
>
> *State ex rel. Thompson v. Crump* [134 Tenn. 121], 183 S.W. 505, 507 (Tenn. 1916).

of such office, and enjoining her from seeking to fill the present vacant term of said office

Accordingly, we hold appellant has no existing right to the Office of Mayor of the City of Pagedale, and therefore, that the writ in quo warranto would lie. We thus, rule this point against appellant.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.

created by her impeachment.