Anita M. MASON, Appellant,

v.

**CITY OF BRECKENRIDGE HILLS, Respondent.**

No. ED 81791.

Missouri Court of Appeals,
Eastern District,
Division One.

March 18, 2003.

Robert H. Branom, Howard Paperner, St. Louis, MO, for Appellant.

Frank Susman, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Anita Mason (hereinafter, "Appellant") appeals the circuit court's judgment affirming the City of Breckenridge Hills City Council's (hereinafter "the Council") decision to impeach and remove her from her office as a councilwoman pursuant to Section 77.340 RSMo (1998).[1] Appellant brings two points on appeal, first claiming the circuit court erred in upholding the Council's decision in that the Council was constituted improperly because several Council members were biased. Second, Appellant argues the resolution of impeachment did not relate to the administration of her office, and thus, was not supported by competent and substantial evidence on the record. Since we find Appellant's second point dispositive we only address that issue. We reverse.

Our review of impeachment proceedings in this case is governed by the Missouri Administrative Procedure Act, Chapter 536 RSMo (2001). *State ex rel. Brown v. City of O'Fallon,* 728 S.W.2d 595, 596 (Mo.App. E.D.1987). On appeal, we review the agency's decision and not the decision of the circuit court. *State ex rel. Hall v. Wolf,* 710 S.W.2d 302, 304 (Mo.App. E.D.1986). We presume the correctness of the decision of a city council sitting as a board of impeachment and uphold that decision if it is supported by competent and substantial evidence upon the record as a whole. *Fitzgerald v. City of Maryland Heights,* 796 S.W.2d 52, 59 (Mo.App. E.D.1990). We view the record in the light most favorable to the council's determination, disregarding all contrary evidence. *Id.* We may not substitute our judgment on the credibility of the witnesses for that of the administrative agency. *Hall,* 710 S.W.2d at 304.

Section 77.340 authorizes the removal of an elective officer of a third class city "for cause shown" upon the two-thirds vote of the city council. *State ex rel. Powell v. Wallace,* 718 S.W.2d 545, 549 (Mo. App. E.D.1986). The determination of whether cause for impeachment exists must be made on a case by case basis. *Fitzgerald,* 796 S.W.2d at 62. In the present case, the Council brought four charges against Appellant for impeachment, one which was dismissed after the hearing. Any one of these allegations alone, if supported by competent and substantial evidence, would be sufficient to sustain her removal. *Powell,* 718 S.W.2d at 549.

Appellant's father, Donny Mason (hereinafter, "Father") opened Mason Sign Company (hereinafter, "Mason Sign") in 1984 as a family business. Mason Sign was incorporated on August 4, 2000. Father was named president and Appellant serves as Mason Sign's secretary.

Appellant ran for mayor of Breckenridge Hills in April 2000. She was defeated in that election, but was reelected to serve on the Council in April 2001. In October 2001, the Council passed a Resolution of Impeachment against Appellant. This resolution was amended in March 2002 and alleged four offenses:

(1) That during [Appellant's] current term of office and within the City she sold and/or owned or managed a business which sold signs and signage materials at retail and in violation of City's Municipal Code Chapter 605, Merchant's License, she failed to file the necessary paperwork and to remit to the City's [sic] gross sales fees due thereunder.

(2) That during [Appellant's] current term of office and within the City, she has permitted or has caused to

---

1. All further statutory references are to RSMo (1998) unless otherwise noted.

occur construction and building upon the premises known and numbered as 9322–24 St. Charles Rock Road, without first obtaining a building permit, as required by City's Municipal Code Sections 415.070 and 500.010 et seq.

(3) That during [Appellant's] current term of office and within the City, she failed to file with the City an accurate and truthful application for a building permit for construction and building upon the premises known and numbered as 9322–24 St. Charles Rock Road, as required by City's Municipal Code Sections 415.070 and 500.010 et seq.

(4) That during [Appellant's] current term of office and within the City, she has permitted and/or has caused a trash container belonging to Mason Sign Company, Inc. on or about the premises known and numbered as 9322–24 St. Charles Rock Road to remain on City property, in violation of City's Municipal Code Section 410.070 and 500.200 and common law principles of trespass.

An impeachment hearing was held on April 18, 2002. After the City and Appellant presented their evidence and exhibits, which we will elaborate on when discussing the points on appeal, the matter was submitted to the Council for consideration. During deliberations, the fourth charge relating to the trash container was dismissed. After further deliberations, the Council voted five to two, with Appellant abstaining, finding her guilty on the remaining three charges. At the following meeting, the Council adopted its written findings of fact and conclusions of law finding Appellant guilty of the charges alleged in the bill of impeachment and vacated her seat. Appellant filed a petition for review with the circuit court which af-

firmed the Council's decision. This appeal follows.

■ The meaning of "for cause" in terms of the impeachment an elected official should "not only specifically relate to and affect the administration of his [or her] office, and [also] be of a substantial nature directly affecting the rights and interests of the public." *Fitzgerald*, 796 S.W.2d at 57. Moreover, it should be limited to objective reasons which reasonable people, regardless of their political persuasion, could agree would render an elected official's performance ineffective. *Id.*

In the instance case, we find none of the allegations in the resolution of impeachment related to Appellant's administration of her office. The Courts in the following cases affirmed the removal of those officials for acts related to the administration of their office: *Hall*, 710 S.W.2d at 304 (mayor ordered name of city treasurer removed from signatory card with bank and substituted court clerk without approval, acted discriminatorily by refusing to recognize several board members and prevented them from introducing resolutions, interfered with the internal operations of city police department, along with other actions); *Powell*, 718 S.W.2d at 549 (mayor violated court order which gave city treasurer sole power to draw checks by unilaterally issuing city checks based on self-declared civil emergencies); and *Fitzgerald*, 796 S.W.2d at 61 (mayor refused to disclose knowledge regarding a wrongful discharge suit filed against the city and violated his oath of office by circumventing the police chief's efforts to enforce law that prohibits the promotion of gambling). Here, the allegations attribute conduct to Appellant relating to Appellant's participation in her family's business "during her current term of office." The record reveals these allegations, having occurred, if at all, before the commencement of Appel-

lant's term in office, do not rise to the level of specifically relating to and affecting the administration of her office, and are not so substantial as to directly affect the rights and interests of the public.

Therefore, we find the Council's resolution of impeachment was not supported by competent and substantial evidence on the record. As a result, we reverse the Council's decision to impeach Appellant and order her reinstated to her council seat for the remainder of her term in office.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.