**Jacquelyn KATZ, Appellant,**

v.

**SCHOOL DISTRICT OF CLAYTON, MISSOURI, a Public School Corporation, Appellee.**

**No. 76–1495.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1977.

Decided June 20, 1977.

Rehearing and Rehearing En Banc Denied July 13, 1977.

---

Francis H. Kennedy, Jr., St. Louis, Mo., for appellant.

George J. Bude, St. Louis, Mo., for appellee.

Before CLARK, Associate Justice, Retired,* and HEANEY and WEBSTER, Circuit Judges.

HEANEY, Circuit Judge.

Jacquelyn Katz appeals from an adverse decision in her sex discrimination suit against the School District of Clayton, Missouri (District), for alleged violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d). *Katz v. School Dist. of Clayton*, 411 F.Supp. 1140 (E.D.Mo.1976). We affirm as to the 1973–1974 school year and reverse as to the 1974–1975 school year.

Katz was first employed by the District in 1972. Throughout her employment with the District, Katz was assigned to the Clayton Alternative School for approximately forty high school students. The Alternative School was located in a building approximately a mile away from the main high school. During the 1973–1974 and 1974–1975 school years, the full-time Alternative School staff included: Martin Sussman, teacher; Al Donovan, teacher; and Katz, teacher assistant. Katz was paid $4,255 for the 1973–1974 school year and $4,922 for the 1974–1975 school year. Had she been classified and paid as a teacher, her earnings would have been determined by the single salary schedule applied to all teachers in the District. According to this schedule, she would have earned $7,700 for the 1973–1974 school year and $8,732 for the 1974–1975 school year.

Dr. Hobbs, Superintendent of the Clayton School District, testified that the District requires a teacher to prepare lesson plans for class, to take responsibility for teaching the class, to grade the students' work and to be responsible for the overall supervision of the students and the subject taught. He further testified that a teacher assistant is required to assist in reading, to work with students, and to supervise lunch and after-school activities. All teachers are required to have a Bachelor's degree and a Missouri teaching certificate. Applicants for teaching positions are generally required to have both a Master's degree and two years' teaching experience. Teacher assistants need only have a Bachelor's degree.

The Alternative School is, as its name implies, an alternative to the regular high school for the staff as well as the students. Decisions on everything from class offerings to budget allocations were made by the staff as a whole. The students also voted on many decisions. The administrators of the District allowed the staff to administer the Alternative School as the staff saw fit and tacitly approved the process by which the staff agreed that Katz would perform certain duties.

During the 1972–1973 school year, Katz began working for the District as a teacher-clerk at the Alternative School. In December, 1972, Katz was awarded a Bachelor of Arts degree. By July of the following year, she had received a life certificate to teach both the elementary grades and French in grades K–12. She received a change in her assignment from teacher-clerk to teacher assistant for the 1973–1974 school year. During the planning sessions prior to the 1973–1974 school year, Katz asked to teach some classes and counsel students. Her offer was accepted by the other staff members and she taught some classes during that year. She also continued the secretarial duties specifically assigned to her by Dr. Hobbs as a part of her teacher assistant role. During the 1974–1975 school year, she was relieved of her secretarial duties and admittedly performed work which was equal in skill, duties and responsibilities to that performed by Donovan and Sussman, the full-time male teachers.

Katz brought this suit against the District, alleging that the District had violated

* TOM C. CLARK, Associate Justice, Retired, Supreme Court of the United States, sitting by designation. Mr. Justice CLARK died June 13, 1977, without having an opportunity to concur in this final opinion.

the Equal Pay Act of 1963 (the Act), 29 U.S.C. § 206(d)(1), which provides that:

No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

The District Court agreed with Katz's allegation that, of the three full-time staff members at the Alternative School, the two males were receiving salaries greater than the salary Katz, a female, was receiving. The District conceded that, at least during a portion of the 1974–1975 school year, these three staff members were performing equal work. The District Court held, however, that Katz had not established a *prima facie* case because the extra duties she had done which resulted in her performance being equal to that of the two male teachers were not duties which she was required to perform in her job as a teacher assistant.

■ A *prima facie* case of violation of the Act is established where it is shown that "the employer [has paid] workers of one sex more than workers of the opposite sex for equal work." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974). Equal work under the Act means "jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d). We disagree with the District Court's interpretation that the word "require," as used in the statute, means that two employees

are doing equal work for an employer only where the employer has formally specified that the two employees are to perform the same duties. Rather, we interpret the statute to mean that two employees are performing equal work when it is necessary to expend the same degree of skill, effort and responsibility in order to perform the substantially equal duties which they do, in fact, routinely perform with the knowledge and acquiescence of the employer. The Act cannot be avoided because the job titles of employees are not the same nor is the Act avoided if the official job descriptions of employees specify different duties. "Actual job requirements and performance are controlling." *Brennan v. Prince William Hospital Corp.*, 503 F.2d 282, 288 (4th Cir. 1974), *cert. denied*, 420 U.S. 972, 95 S.Ct. 1392, 43 L.Ed.2d 652 (1975); *Hodgson v. Daisy Manufacturing Co.*, 317 F.Supp. 538 (W.D.Ark.1970), *modified*, 445 F.2d 823 (8th Cir. 1971).[1]

■ We agree with the District Court that Katz failed to establish a *prima facie* case with respect to the 1973–1974 school year. During that year, Katz often performed clerical duties and did not spend a majority of her time in teaching duties. Donovan and Sussman were, on the other hand, primarily engaged in teaching duties. The work performed by Katz was not substantially equal to that performed by the two male teachers.

■ However, we hold that Katz did establish a *prima facie* case with respect to the 1974–1975 school year. During the oral argument before this Court, counsel for the District conceded that at some point during the 1974–1975 school year, Katz was performing a job equal in skill, effort and responsibility to that performed by Donovan and Sussman. Furthermore, Katz demonstrated that she was expected to

---

1. While not directly applicable, the rationale of *Mumbower v. Callicott*, 526 F.2d 1183 (8th Cir. 1975), is persuasive. *Mumbower* concerned the applicability of the overtime pay provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 207(a)(1). The employee had voluntarily performed overtime work. This Court held that the employee should recover overtime

pay if the employer knew or had reason to know the employee was continuing to work and the work done was an " 'integral and indispensable part' of the employee's principal work activity." *Mumbower v. Callicott, supra* at 1188 (cites omitted). *See also Steiner v. Mitchell*, 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267 (1956).

function as a full-time teacher at the Alternative School. The District delegated the responsibility of the Alternative School administration to the staff of the Alternative School. The District administration expected and allowed the Alternative School staff to assign the duties of each staff member; the Alternative School staff assigned full-time teaching duties to Katz and the administrators were aware that Katz was performing those duties. Katz sustained her burden of proof.

Once a *prima facie* case of violation of the Act is established, "the burden shifts to the employer to show that the [wage] differential is justified under one of the Act's four exceptions." *Corning Glass Works v. Brennan, supra* 417 U.S. at 196, 94 S.Ct. at 2229; the Act, 29 U.S.C. § 206(d)(1)(i–iv). The District does not here contend nor did it present evidence in District Court which would show that the differential was so justified.

We affirm the District Court's decision as to the 1973–1974 school year. We reverse the District Court's decision as to the 1974–1975 school year and remand this case to the District Court for a determination of damages. Katz should be awarded the difference between the salary she received for the 1974–1975 school year and the salary she would have received for that year had she been paid as a first-year teacher in the District. The District Court shall also fix attorney fees pursuant to 29 U.S.C. § 216(b). Each party will bear its own costs on appeal. This Court allows Katz attorney fees in the sum of $500.00 for service rendered in the appellate proceeding.