GUHL MIDTOWN EYE CARE OPTICAL, Appellant,

v.

MISSOURI COMMISSION ON HUMAN RIGHTS, Respondent.

No. 45934.

Missouri Court of Appeals, Eastern District, Division Four.

June 14, 1983.

Michael E. Gans, Clayton, for appellant.

Maureen Laflin, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Employer, Guhl Midtown Eye Care Optical, appeals from a judgment of the Circuit Court affirming an order of the Missouri Commission on Human Rights awarding complainant Martha Mitchell $3,746.50 as back pay. The award was based on a finding that the employer sexually discriminated against Ms. Mitchell by paying her a lesser wage than a male employee, Arvind Amin, for substantially similar work contrary to Sec. 296.020 RSMo 1978. We affirm. In this opinion we have borrowed liberally from the memorandum opinion of the trial court, Judge George A. Adolph.

Our review is limited to determining whether the Commission's findings are unsupported by competent and substantial evidence on the record; whether that decision is arbitrary, capricious or unreasonable; whether the decision involves an abuse of discretion; whether for any other reason, including grounds stated in Sec. 536.140.2, RSMo 1978, the decision is unauthorized. *Kansas City v. Missouri Commission on Human Rights,* 632 S.W.2d 488 (Mo. banc 1982) [1, 2]. We find none of the above.

The Commission applied the standards of the Federal Pay Act as amended in 1963, 29 U.S.C. § 206(d). Those are the correct standards to be utilized in determining whether a violation of the Missouri statute has occurred. *Kansas City v. Missouri Commission on Human Rights, supra,* [3]. The federal statute requires "equal pay for equal work" and defines equal work as "jobs, the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." In comparing skill, effort and responsibility, the relevant time period in the present case is when Mr. Amin was first hired in July, 1974, at a pay level higher

than that of Ms. Mitchell, who had been employed by Guhl since October, 1973.

There is competent and substantial evidence to support the Commission's finding that the job of Ms. Mitchell was at least equal to that of Mr. Amin at the time of his hiring. Mr. Amin had no prior optical experience or training and was hired as a trainee. Ms. Mitchell was one of several opticians responsible for his training and taught him how to use equipment and make calculations. Ms. Mitchell had prior optical experience at another company where she "was running the whole operation," performing all the necessary duties of an optician. She also had been working for employer since October, 1973, fulfilling optical duties at least 50% of the time. The remainder of her time was devoted to clerical duties. These had been assigned to her on an increasing basis a month after her employment began. When her employment began she worked solely as an optician. The degree of optical skill possessed by Mr. Amin and Ms. Mitchell, at the time the former was hired, indicates that Ms. Mitchell had superior skill. As to the effort standard, this refers to the physical or mental exertion which the performance of the job's duties entails. *E.E.O.C. v. Universal Underwriters Insurance Company,* 653 F.2d 1243 (8th Cir.1981) [1, 2]. Applying this definition to this case the Commission could properly find that the physical and mental exertion of learning a trade is no greater than the exertion of the trainer in teaching and practicing the trade. Ms. Mitchell's efforts were at least equal to those of Mr. Amin. As to the responsibility standard, Ms. Mitchell was accountable for her performance of opticianry skills and for training Mr. Amin, while he was accountable only for his learning progress. Ms. Mitchell had greater responsibility than Mr. Amin at the time of his hiring. There was no dispute that Ms. Mitchell was paid at a lower rate than Mr. Amin. The evidence was sufficient to support the Commission's finding that Ms. Mitchell established a prima facie case of wage discrimination based upon sex. *County of St. Louis v. Brooks,* 614 S.W.2d 283 (Mo.App.1981) [3].

Employer had the burden of establishing a legitimate, non-discriminatory reason for the pay differential after Ms. Mitchell established her prima facie case. In attempting to meet this burden, employer points to the substantial clerical work performed by Ms. Mitchell as justifying a lower wage scale. Reliance is placed upon *Katz v. School District of Clayton, Missouri,* 557 F.2d 153 (8th Cir.1977) and 29 C.F.R. § 800.126 (1966) (a Department of Labor Rule). In *Katz,* the employee was essentially a secretarial employee who did some teaching. The men with whom she was being compared were established full-time teachers. Ms. Mitchell on the other hand was essentially an optician performing some clerical duties; Mr. Amin was a totally inexperienced trainee at the time he was hired capable of performing no optical duties. We find *Katz* distinguishable. The Labor Department Rule does not aid employer. It provides that where two persons perform essentially the same job most of the time, but one of them performs other work requiring a higher degree of skill than the common job, that person may be paid at a higher rate. But where no higher skill is required the jobs do not lose their equality because one employee "may not exercise the required skill as frequently or during as much of his working time as the employee in the other job." The record does not demonstrate that Mr. Amin's job when he was hired required a higher level of skill than Ms. Mitchell's. The evidence is sufficient to support the Commission finding that employer failed to establish a non-discriminatory ground for the initial pay differential. No question has been raised as to the amount of back-pay awarded.

Judgment affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.