**Dale FELTZ, Plaintiff-Respondent,**

v.

**William HESSELBACK, et al., Florissant Personnel Commission, Defendants-Appellants.**

No. 47572.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 1984.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Aug. 8, 1984.

Virgil J. Muehlenkamp, Dellwood, for defendants-appellants.

David Michael Johnson, Clayton, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendants-appellants, the Florissant Personnel Commission, appeal the trial court judgment reversing the Personnel Commission decision sustaining the demotion of plaintiff police officer. The trial court found the Personnel Commission decision to be "arbitrary, capricious, an abuse of discretion, and unsupported by competent evidence of the whole record" and reversed the decision.

The Florissant Chief of Police demoted plaintiff from the rank of sergeant to the rank of patrolman, based on four violations of the City of Florissant's personnel code. Plaintiff filed a complaint with the Personnel Commission,[1] admitting the violations, but contending "that the reduction in rank was a penalty more severe than fit the crime." After an evidentiary hearing the Commission made findings of fact and conclusions of law and informed plaintiff:

... that the majority of the Personnel Commission voted to sustain the demotion of Mr. Dale Feltz of the Florissant Police Department....

Six members of the Personnel Commission [out of nine] feel that the discipline given was too severe because from testimony given it appears there is no hard and fast rule within the Police Department regarding the handling of confiscated contraband when 'no arrest is made.'

Counsel for plaintiff requested a clarification of the decision of the Commission. The chairman of the Commission responded, "The Commission does not feel that the demotion *as ordered by Chief Robert Lowery* should in any way be amended or altered." (emphasis added).

Plaintiff filed for judicial review under Chapter 536 Administrative Procedure and Review. The trial court remanded the case and directed the Commission to reconsider

punishment because if ".. the majority of the Commission felt the demotion was too severe .." the decision to sustain the punishment determined by the Chief of Police "violates the due process and equal protection clauses of the U.S. Constitution and the Missouri Constitution."

On rehearing counsel for both parties explained to the Commission that they were authorized to "assess" or "determine" the punishment as distinguished from "sustain" or "affirm" the punishment originally ordered by the Chief. The rehearing record indicates that the commissioners were in doubt, at the time of the first hearing, that they were authorized to fix the punishment on their own majority vote. At least some of the commissioners were of the opinion that it was their function only to vote guilt or innocence.

After the rehearing the chairman of the Personnel Committee sent the following notice to the parties:

The meeting was called to order and attorneys for both parties reintroduced exhibits. A motion was made and seconded to sustain the demotion and readopt the previous findings of facts as being sufficient evidence to sustain the demotion. All members voted.

(Vote six—three to sustain).

The motion to sustain the demotion *as ordered by Chief Robert Lowery* having received a majority vote it is hereby sustained. (emphasis added).

The Commission readopted their original findings of fact and conclusions of law. No findings of punishment were provided even though plaintiff had specifically requested them.

Plaintiff filed the present Chapter 536 petition claiming that he was denied "further consideration" of the punishment and thus was denied constitutionally guaranteed due process and equal protection, that

---

1. Although the Florissant Code labels hearings before the Personnel Commission appeals the term is not accurate. The hearing before the Commission is the first opportunity for a city employee to respond to any formal charges made against him or her. The Commission hears evidence, determines guilt or innocence and independently assesses punishment. Individuals aggrieved by Personnel Commission decisions appeal to the circuit court using Chapter 536, Administrative Procedure and Review.

the decision was arbitrary, capricious, an abuse of discretion and not supported by substantial and competent evidence. The trial court agreed with the plaintiff and reversed the Commission's decision finding it to be arbitrary, capricious, an abuse of discretion, and unsupported by the evidence on the whole record. The trial court judgment terminated the proceedings with no punishment for admitted violations.

The Personnel Commission appeals claiming that the Commission's decision was not arbitrary and capricious, was supported by competent and substantial evidence and that the trial court was not authorized to substitute its discretion for that of the Commission.

Section 536.140 [2] provides for two forms of judicial review for agency actions in contested cases.[3] When the agency has exercised administrative discretion in the light of the facts the court must determine if there has been a violation of constitutional provisions, an excess of authority or an abuse of discretion or if the agency action was unlawful or unsupported by the evidence in the record. § 536.140.2. *Guhl Midtown Eye Care Optical v. Missouri Commission On Human Rights*, 653 S.W.2d 699, 700 (Mo.App.1983). When the agency action involves the application of law to the facts the reviewing court may weigh the evidence for itself and determine the facts. § 536.140.3. *St. Louis County v. State Tax Commission*, 562 S.W.2d 334, 337–38 (Mo. banc 1978). In any case the court may consider evidence of alleged irregularities in procedure or of unfairness by the agency not shown in the record. § 536.140.4. *See Consumer Contact Company v. State Department of Revenue*, 592 S.W.2d 782, 787 (Mo. banc 1980).

In this case the circuit court remanded the case to the Personnel Commission to reconsider punishment in light of the fact that the majority of the Commission determined that a demotion was too severe. At the rehearing counsel for both parties told the Commission that if they believed demotion was too severe a punishment they could grant a lesser punishment. The record does not indicate if the Commission considered alternatives to the punishment imposed by Chief Robert Lowery or simply sustained his recommendation. The record indicates that the motion voted on was a motion to sustain the demotion. Although the plaintiff requested an express finding of punishment from the Personnel Commission none was provided.

 The Personnel Commission was told the law—i.e. that they were to independently evaluate the punishment given to the police officer and that they could determine the punishment as they saw fit. There was no dispute as to the facts since plaintiff admitted guilt. On appeal the court of appeals reviews the agency decision and not the decision of the circuit court. *Watkins v. State Board of Registration for the Healing Arts*, 651 S.W.2d 582, 585 (Mo.App.1983). The Personnel Commission voted to sustain the police officer's demotion as ordered by Chief Robert Lowery. This was not an independent evaluation of punishment,[4] but rather an adoption of a non-binding recommendation of punishment. As such it was a procedural irregularity which must be remedied on remand.

We reverse and remand this case to the circuit court. We agree with that court's determination that failure of the Personnel

---

**2.** All statutory references are to RSMo 1978.

**3.** The case at bar is a contested case i.e. "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(2). Article V, § 18–109 of the Florissant Code provides that "any complaint or grievance filed by an employee of the city, ... shall be heard by the personnel commission ..."

**4.** Although not an issue here, the attorneys did point out that there is no established range of punishment for disciplinary offenses. We do not decide, if that is true, the constitutional issues that may have been considered in the absence of a prescribed range of punishment. We do recognize, however, that without a range of punishment the Personnel Commission would have a difficult time assessing punishment.

Commission to independently assess punishment renders the result arbitrary and capricious. By law the Personnel Commission must evaluate guilt and impose punishment they believe to be warranted and fair. This was not done here. The Personnel Commission is not to be a rubber stamp and merely adopt recommended punishment. They are to independently assess the punishment. The punishment may be less severe, more severe or the same punishment as long as it is clearly the determination of the Personnel Commission.

We reverse the dismissal and remand to have the Personnel Commission independently determine the punishment.

REINHARD and CRANDALL, JJ., concur.