Gordon JAMISON, Appellant,

v.

CITY OF BRIDGETON and Board of Police Commissioners of the City of Bridgeton, Missouri, Respondents.

No. 56318.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 19, 1989.

Richard Andrew Barry III, St. Louis, for appellant.

Timothy J. Sarsfield, Bradley Stephen Hiles, St. Louis, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant, Sergeant Gordon Jamison (Jamison), appeals the judgment of the Circuit Court of St. Louis County upholding the decision of the City of Bridgeton Board of Police Commissioners (Board) reducing Jamison's rank from sergeant to patrolman. We affirm.

Jamison was a shift commander on August 8, 1988, on the 7 p.m. to 7 a.m. shift of the Bridgeton Police Department. At approximately 11:30 p.m., Jamison and Officers Bartis and Metzker were dispatched to a public viewing area near Lambert Airport to investigate a report of a suspect selling drugs. While the officers did not discover any individual selling drugs, they did seize a keg of beer. The keg, which was almost empty, was put into Jamison's vehicle.

Jamison returned to the police station, unloaded the keg, and resumed his patrol duties. He did not fill out an incident report or evidence receipt at that time.[1] Upon returning from patrol, Jamison checked to see if the keg had been claimed. At his hearing Jamison testified that he noticed that "the floor was wet around the barrel" but did not know if this was due to the barrel sweating or because someone was drinking out of it.[2] He then put the keg into the back of his pickup truck and took it home. No one was told he was doing this and no incident report or evidence receipt was filled out.

On the morning of August 9, an anonymous caller telephoned the Bridgeton police and requested a return of the keg. Since the keg was at Jamison's residence and no report had been filed, it could not be located. Officer Bartis later informed the department that Jamison last had possession of the keg.

Later that day, Jamison returned to the station with the keg, placed it into evidence, and submitted an incident report and evidence receipt. Both had been filled out to indicate that the keg had been placed into evidence on August 8.

Officer Jamison was brought up on charges of employee misconduct by the department for violating procedure No. 609.-3(B) of the procedures of the Bridgeton police department. That section provides:

> Officers will *not* store evidence or property in private homes, in offices, vehicles, station lockers, or other locations not approved by the chief of police. (emphasis in original).

The only storage area approved by the chief of police on the night of August 8, was the office of assistant evidence and property control, Officer Don Hood. The Chief of Police considered the matter and demoted Jamison from sergeant to patrolman. Jamison appealed to the Board and they affirmed. A further appeal to the

---

1. Jamison explained that he failed to fill out the evidence receipt for the keg at that time because "I just thought well, if the guy that owns the barrel comes in before 7:00 I'll release it to him".

2. Jamison testified that four to five years earlier a barrel of beer was brought into the station and "a great deal of it disappeared". The Board found this testimony was "not credible".

Circuit Court for the County of St. Louis also resulted in an affirmance.

Jamison claims that the findings of fact accompanying the Board's decision were deficient in that they did not specifically state which subsection of procedure No. 609 was violated and, therefore, an inadequate record for review was created.

▇ The standard of review for decisions of administrative bodies was set out in *Gamble v. Hoffman*, 732 S.W.2d 890, 892 (Mo. banc 1987):

> Judicial review of administrative factual determinations is limited to whether the decision was supported by substantial and competent evidence, to whether the decision was arbitrary, capricious, or unreasonable, or to whether the agency action constituted an abuse of its discretion ... The evidence is to be reviewed in a light most favorable to the agency decision.... If the evidence supports either of two contrary conclusions, the agency decision must prevail.... When an agency sits as an administrative tribunal, determination of the credibility of the witnesses is an agency function.... The reviewing court may not substitute its own judgment and the court may not set aside the administrative decision unless clearly contrary to the overwhelming weight of the evidence.

It is, therefore, axiomatic that the factual determinations of the Board be set out in such a manner as to make the basis for their decision clear.

▇ In the present case, the Board set out all of procedure No. 609 in its findings of fact.[3] And then, in its conclusions of law stated:

> 5. Sergeant Jamison failed to comply with procedure No. 609 of the Bridgeton Police Department by taking found property to his private residence without the approval of the chief of police, and without preparing an evidence receipt showing proper chain of custody.

6. Sergeant Jamison violated 6.03 of Rule #6 of the Board of Police Commissioners by failing to observe and obey procedure No. 609 of the Bridgeton Police Department. Failure to comply with procedure No. 609 is a serious breach of police ethics.

Jamison argues that "the Board failed to state anywhere in its findings of fact or conclusions of law which of the subsections of procedure No. 609 it believed were violated by the plaintiff". A reading of conclusions of law, paragraph 5, *clearly* demonstrates that the Board's actions were based on Jamison's taking the keg home and failing to prepare an evidence receipt. Point denied.

▇ Next Jamison argues that the record is not adequate because the Board did not address a charge that he engaged in "conduct that brings discredit upon the officer or department." Jamison cites no authority for the proposition that the Board must consider every allegation of wrongdoing once it finds that a violation has occurred and makes its determination of the appropriate punishment. The proceeding before the Board is not on "appeal", but rather is a rehearing and redetermination. *See Nolan v. City of St. Charles*, 708 S.W.2d 249, 253 (Mo.App., E.D.1986). Thus, the Board does not need to review every allegation so long as the disciplinary action taken by the Board is based solely on the findings of fact and conclusions of law made by the Board. Here the Board found that the failure to comply with procedure No. 609 was a serious breach of police ethics and that demotion to patrolman was appropriate. Jamison's second point is without merit.

▇ Finally, Jamison argues that there was insufficient evidence to find that Jamison failed to comply with departmental procedures. Jamison then talks about rules he was not charged with violating and making strained interpretations of the procedural

---

3. This includes procedure No. 609.3(B) stated in this text supra as well as procedure No. 609.2(D) which states: "The officer confiscating, recovering, or finding, etc., the evidence and/or property shall be responsible for the collection, preservation, and safekeeping of evidence and describing in detail the item in the police report ... An approved department evidence receipt ... will then be prepared for the property, in full detail".

rules of the Bridgeton Police Department. It is sufficient to state that the argument is without merit. Affirmed.

REINHARD and CRIST, JJ., concur.